**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:20-cv-02985** |
| | § | |
| **WILLIAM MARSH RICE UNIVERSITY** | § | |
| **d/b/a RICE UNIVERSITY** | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**SUMMARY JUDGMENT EVIDENCE**

Plaintiff Joe Doe hereby makes his Response to Defendant's Objections to Plaintiff's Summary Judgment Evidence as follows:

I.      Defendant's Objections Misleading

As an initial matter, it is extremely difficult to address Defendant's "objections" as set forth in "Objections to Plaintiff's Summary Judgment Response Evidence and Offer of Optional Completeness Evidence" [ECF 84] because the Defendant does not identify from where in Plaintiff's Response it is citing to, and Defendant misrepresents the information cited in numerous instances.

II.     Optional Completeness

Additionally, Defendant improperly attempts to back door evidence into the record that it failed to cite in its motion by trying to label it as "optional completeness."  Plaintiff asserts that this is a misuse of FED. R. EVID. 106.  The main consideration behind Rule 106 is to prevent "any misleading impression created by taking matters out of context."  FED. R. EVID. 106 advisory

committee note.  If an omission of information does not create a misleading impression, optional completeness does not apply.  C*opperas Cove Econ. Dev. Corp. v. Great Am. Ins. Co. of New York*, No. 6:17-CV-00160-ADA, 2018 WL 7283281, at *3 (W.D. Tex. Dec. 12, 2018).

Furthermore, Defendant makes general, conclusory statements that additional information should be considered but offers nothing about how any information offered by Plaintiff is incomplete or misleading and provides no information about how the testimony Defendant wishes to add would clarify or provide context.  Defendant has not met its burden to establish that any of the citations by Plaintiff are misleading or that any additional information offered untimely by Defendant would provide clarity for the Court.

III.    Hearsay

Defendant asserts seven hearsay objections, asserting for each Fed. R. Evid. 801 (a)—(c) and 802.  Rule 801 (c) (2) defines "hearsay" as a statement offered to prove the matter asserted.

A.    "Appx. 67, l. 22—68, l. 21"

First, there is no such cite in Plaintiff's Response.  At p.14 of his Response, Plaintiff cites to Appx. 66:21—67:4 and to Appx. 68:13—70:1.  This line of questioning addressed why Ms. Garza refused to interview the witness that Plaintiff requested she interview.  Plaintiff is obviously not offering this information to assert the truth of what the witness knew.  Rather it is offered to establish that Ms. Garza knew that Plaintiff thought there was important information that would add to the investigation and Ms. Garza ignored it.  This is important information establishing bias on the part of Ms. Garza.  Thus, this evidence does not constitute "hearsay" under Rule 801(c)(2).

B.      "Appx. 82, ll. 1—83, l. 1"

Again, there is no such cite as represented.  On p. 18 of his response, Plaintiff cites to Appx. 82:9—15 and 83:2—5.  Neither of these cites to hearsay statements.

C.      "Appx. 93, l. 19—98, l. 6: 99, l. 2—99, l. 16"

Again, the cite is not as represented.  On p. 13 of his Response, Plaintiff cites to 93:2—18, and 94:18—99:16.   The information offered is addressing Ms. Garza's response to information offered and the extent of her investigation rather than as attempting to prove that any particular statements were true.   Thus, this evidence does not constitute "hearsay" under Rule 801(c)(2).

D.      "Appx. 192—195"

This exhibit is Plaintiff's written response to the University's "charge" against him and is offered as part of the investigation and to show how Ms. Garza's response to the statement shows extreme bias on her part.  Whether or not Plaintiff's statement is true, it must be investigated to determine the truth and cannot simply be ignored.  It is the response to the statement that provides important information establishing the discrimination in this case.  Furthermore, a prior consistent statement is not hearsay, particularly when it is preferred through a witness who has first hand knowledge of the statement.  Rule 801(d)(1)(B); *U.S. v. Caracappa*, 614 F.3d 30, 39 (2d Cir. 2010).  Furthermore, where the opposing party is not denied the opportunity to cross examine the declarant, such satisfies the "subject to cross-examination" requirement of Rule 801(d)(1) stating that prior statements where the declarant is subject to cross-examination is not hearsay. *Caracappa*, 614 F.3d at 39.   Plaintiff is certainly subject to cross-examination at trial (and was subject to cross-examination during the discovery period).  His statement is not hearsay and the Defendant's objection should be overruled.

E.    "Appx. 216"

The portions of Plaintiff's affidavit referenced by Defendant are supported by other testimony, including Ms. Garza's.  Ms. Garza admitted both things:  that Ms. Roe suffered no penalties and that she, Ms. Garza, intentionally chose not to interview Plaintiff's witness, despite what she was told regarding the witness' potential contribution to the case.  While the Defendant may wish to deny the factual assertions made by Plaintiff in his affidavit, the statements themselves are not hearsay as they are made by the declarant in a properly submitted affidavit.  His statements in his affidavit are not hearsay and the Defendant's objection should be overruled.

F.    "Appx. 217"

Plaintiff's affidavit regarding the ramifications of Rice's actions against him are clearly not "hearsay."  He certainly has direct knowledge of the effect of the Universities punitive actions on his life.  While the Defendant may wish to contest the assertions made, they do not fit within the definition of hearsay in Rule 801.  Defendant's objection should be overruled.

G.    "Appx. 219—228"

Obviously, Plaintiff is offering his Disclosures in this case to address the Defendant's unfounded allegations that Plaintiff never offered information regarding his damages. The damages themselves are for the factfinder to determine.  The fact that such information was provided to Defendant is what is demonstrated by the exhibit and does not fall within any definition of hearsay.  Defendant's objection should be overruled.

IV.    Relevance

Defendant asserts four "relevance" objections, none of which are well founded.  Fed. R. Evid. 401 addresses relevance and states that evidence is relevant if "a) it has an tendency to make a fact more or less probable that it would be without the evidence; and b) the fact is of consequence

in determining the action."  "To be relevant, evidence need not conclusively decide the ultimate issue in a case, or make the proposition appear more probable, but it must in some degree advance the inquiry."  *U.S. v. Fountain*, 2 F.3d 655, 667 (6th Cir. 1993).

A.    Appx. 199—200

Defendant's assertion that this is a "draft" of the determination letter does not make it less relevant.  Indeed, the assertion for which the letter is offered (at p. 12 of Plaintiff's Response) is that Ms. Garza found Plaintiff guilty of "reckless act from which mental or bodily harm could result to another person," a fact which Defendant admits and recites in its Motion for Summary Judgment. Defendant's relevance objection is unfounded and should be overruled.

B.    Appx. 215

This is the Plaintiff's Affidavit submitted with his Response.  While the University disputes the accuracy of the statement that it is labeling as not relevant, such dispute actually demonstrates the relevance of the statement.  Certainly, whether or not the University suspended Plaintiff before getting his side of the story is relevant to the issue of bias and differing treatment. Defendant's relevance objection is unfounded and should be overruled.

C.    Appx. 217

Defendant misrepresents and mischaracterizes the damages evidence disclosed in this case and the law addressing such.  As clearly established in Plaintiff's Response, mental anguish/emotional distress damages are not subject to economic calculations and there is no requirement that numeric calculations be supplied during discovery.  The Defendant made an intentional choice not to depose the Plaintiff during discovery and thus, never sought additional information regarding Plaintiff's emotional damages.  That choice does not make the Plaintiff's evidence irrelevant.  Defendant's relevance objection is unfounded and should be denied.

D.     Appx. 219—228

This is the same as section C, above.  The Defendant is simply wrong about the issue of emotional distress damages, which is clearly established by the relevant caselaw cited by Plaintiff in his Response.  Defendant's relevance objection is unfounded and should be denied.

FOR THE REASONS STATED, Plaintiff prays that Defendant's objections be overruled and for such further relief as justice may require.

Respectfully submitted,


s/Susan E. Hutchison
Susan E.  Hutchison
Texas Bar No. 10354100
hutch@fightsforright.com

HUTCHISON & FOREMAN, PLLC
505 Pecan St., Ste. 102
Fort Worth, Texas 76102
Phone:  817.336.5533
Fax:   817.887.5471

ATTORNEYS FOR PLAINTIFF


**CERTIFICATE OF SERVICE**

This is to certify that on March 12, 2021, a true and correct copy of the above and foregoing document was served on the following attorneys of record through the ECF system as follows:

RUSSELL HARDIN, JR.
rhardin@rustyhardin.com
TERRY D. KERNELL
tkernell@rustyhardin.com
EMILY M. SMITH
esmith@rustyhardin.com
RUSTY HARDIN & ASSOCIATES, LLP

s/Susan E. Hutchison
Susan E. Hutchison