| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-02985 |
| | § | |
| WILLIAM MARSH RICE | § | |
| UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT WILLIAM MARSH RICE UNIVERSITY'S ORIGINAL ANSWER

Defendant William Marsh Rice University ("Defendant" or "Rice"), by and through its attorneys of record and by way of Answer to the Original Complaint of Plaintiff John Doe ("Plaintiff" or "Doe"), states as follows:

1.      Rice admits that Doe was a former Freshman student and football player for Rice University.  Otherwise, denied.

2.      Rice admits that Doe and Jane Roe ("Roe") engaged in a consensual sexual relationship while they were both Rice University students.  Rice admits that Roe complained to Rice University that she contracted herpes as a result of their sexual relationship.  Otherwise, denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Rice admits that the Office of Student Judicial Programs ("SJP"), after an investigation and based on a more likely than not standard, determined that Doe "failed to adequately notify [Jane Roe] of the fact that she was at risk of contracting HSV-1 from [him] if

the two of [them] engaged in unprotected sex." Rice admits that as a result of this finding, Rice determined that Doe's "failure to disclose this information to a sexual partner, and then subsequently engage in unprotected sex, was a reckless action from which mental or bodily harm could result to another person," in violation of Section II.B.1.a of the Student Code of Conduct. Rice further admits that this investigation was performed by SJP's Associate Director at the time, Emily Garza ("Garza"). Otherwise, denied.

7. Denied.

8. Rice admits that interim sanctions were imposed against Doe pursuant to Section I. E.1 and I.E.2 of the Student Code of Conduct. Otherwise, denied.

9. Rice admits Doe's interim sanctions were modified on March 7, 2018. Otherwise, denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Rice admits that interim sanctions were imposed against Doe on February 14, 2018 and then were modified on March 7, 2018. Rice admits that no sanctions were imposed on Roe. Otherwise, denied.

15. Rice admits that SJP determined that Doe violated Section II.B.1.a of the Student Code of Conduct. Otherwise, denied.

16. Denied.

17. Denied.

18.     Rice admits that Doe is a natural person and citizen of the United States. Rice lacks knowledge or information sufficient to form a belief about the truth of the allegation that Doe is a resident of Plano, Texas. Otherwise, denied.

19.     Admitted.

20.     Denied. Emily Garza and Donald Ostdiek have been dismissed.

21.     Denied. Emily Garza and Donald Ostdiek have been dismissed.

22.     Rice admits that it receives federal financial assistance and, therefore, is subject to the dictates of 20 USC § 1681, *et seq*. Otherwise, denied.

23.     Denied.

24.     Admitted.

25.     Admitted.

26.     Denied. The Eastern District of Texas, Sherman Division granted Rice's Motion to Transfer Venue to the Houston Division of the Southern District of Texas under 28 USC § 1404(a) on August 4, 2020.

27.     Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

28.     Rice admits that the documents referred to speak for themselves as to their contents. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

29.     Rice lacks knowledge or information sufficient to form a belief about the truth of any allegations about other colleges or universities. Otherwise, denied.

30. Rice admits that the report referred to speaks for itself as to its contents. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

31. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

32. Rice denies that the situations at Baylor and Texas A&M had a "chilling effect" or that "it was reasonably aware that the circumstances at Baylor and A&M had shone a light on other schools for their handing of sexual assault cases and had the potential to produce negative publicity for Rice." Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

33. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

34. Rice denies that it has "limited the procedural protections afford to male students, like John Doe." Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

35. Rice admits that the report referred to speaks for itself as to its contents. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

36. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

37. Rice admits that the documents referred to speak for themselves as to their contents. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

38. Denied.

39. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

40. Denied.

41. Rice admits that in 2017, Doe executed a National Letter of Intent and a Rice University Grant-in-Aid, which speak for themselves as to their contents, and that Doe's father, the Rice University Director of Athletics (or designee), and the Rice University Director of Financial Aid (or designee) are co-signatories to these documents. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

42. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

43. Admitted.

44. Admitted.

45. Rice admits that SJP concluded that prior to engaging in a sexual intimacy, Doe and Roe had a discussion regarding whether either of them had previously contracted any sexually transmitted infections. Rice admits that SJP concluded that Doe told Roe that he had contracted chlamydia as well as that Doe had a "run-in" with herpes in high school. Rice admits that SJP concluded that this conversation was not deep or graphic, but brief. Rice admits that SJP concluded that that Roe and Doe subsequently engaged in many instances of consensual, unprotected sexual intercourse.

46. Rice admits that SJP concluded that Doe and Roe carried on a sexual relationship for approximately five to six weeks. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

47. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

48. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

49. Rice admits that SJP concluded that Roe and Doe ended their relationship in approximately December 2017. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

50. Rice admits that SJP concluded that Doe and Roe engaged in a final sexual encounter in December 2017 and that during this encounter, Doe noticed sores on Roe's genital area. Rice admits that SJP concluded that the parties engaged in consensual anal intercourse with a condom. Rice admits that SJP concluded that Doe and Roe have not engaged in sexual intercourse since that date. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

51. Rice admits that SJP concluded that on or about December 14, 2017, while Doe was home for the Christmas holiday and spending time with his mother, Roe messaged Doe's Snapchat, a mobile messaging and social media application. Rice admits that the messages referred to speak for themselves as to their contents. Otherwise, denied.

52. Rice admits that the messages referred to speak for themselves as to their contents.

53. Rice admits that the messages referred to speak for themselves as to their contents.

54. Rice admits that Jane Roe filed an online offense report with the Rice University Police Department ("RUPD") on Monday, December 18, 2017. Rice admits that the report referred to speaks for itself as to its contents.

55. Rice admits SJP concluded that Roe told RUPD that she had been tested for herpes in the past, and that these tests came back negative. Rice admits that SJP concluded that Roe submitted two reports to RUPD for July 2017 and December 2017, and that only the December 2017 refers to testing for HSV; this report indicates a positive result for HSV-1. Rice admits that SJP concluded that Roe later told SJP that she assumed her earlier testing included herpes.

56. Rice admits that it was informed that on February 1, 2018, the Harris County District Attorney's Office declined to pursue any criminal charges against Doe.

57. Rice admits that Doe submitted a written statement to SJP on February 12, 2018. Otherwise, denied.

58. Rice admits that the email referred to speaks for itself as to its contents.

59. Rice admits that it imposed an interim suspension on Doe pursuant to Section 1.E.1 and 1.E.2 of the Student Code of Conduct on February 14, 2018. Rice admits that this interim suspension was later modified on March 7, 2018. Otherwise, denied.

60. Rice admits that this interim suspension was later modified on March 7, 2018. Rice admits that Roe was not suspended during the investigation. Otherwise, denied.

61. Rice admits that pursuant to Section V.B.5 and V.B.6 of the Student Code of Conduct, students are not permitted to have legal representation present at any meeting, though students may consult an attorney outside of the meeting setting or may designate legal representation as their support personal to be present for moral support though the support person

may not participate in the proceedings. Rice admits that Doe was permitted to view the investigation file in person at SJP's office upon request and approval. Rice admits that pursuant to Section V.A of the Student Code of Conduct, the procedures used by SJP are not those used in court cases; formal rules of evidence and jurisprudence do not apply, and Doe was not entitled to due process rights, including of cross-examination or to counsel. Otherwise, denied.

62. Rice admits that Rice concluded that the testimony of other students, not present during the conversation between Doe and Roe, was not relevant to the investigation into whether Doe acted with reckless disregard, and that SJP did not consider the testimony of T.O. or other witnesses. Otherwise, denied.

63. Rice admits that Garza's official report and findings, dated April 17, 2018, speaks for itself as to its contents.

64. Rice admits that Garza's official report and findings, dated April 17, 2018, speaks for itself as to its contents. Otherwise, denied.

65. Rice admits that Garza's official report and findings, dated April 17, 2018, speaks for itself as to its contents. Rice admits that the Student Code of Conduct referred to speaks for itself as to its contents. Otherwise, denied.

66. Rice admits that as a result of Doe's violation of Section II.B.1.a of the Student Code of Conduct, SJP sanctioned Doe. Rice admits that Garza's official report and findings, dated April 17, 2018, speaks for itself as to its contents. Otherwise, denied.

67. Denied.

68. Rice admits that Donald Ostdiek retired in June 2018. Rice admits that Emily Garza is currently the Director of SJP. Rice otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations.

69. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

70. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

71. Rice incorporates its responses to paragraphs 1-70 above.

72. Rice incorporates its responses to paragraphs 1-71 above.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Rice admits that pursuant to Section V.A of the Student Code of Conduct, the procedures used by SJP are not those used in court cases; formal rules of evidence and jurisprudence do not apply, and Doe was not entitled to due process rights, including of cross-examination or to counsel. Otherwise, denied.

81. Rice admits that pursuant to Section V.B.5 and V.B.6 of the Student Code of Conduct, students are not permitted to have legal representation present at any meeting, though students may consult an attorney outside of the meeting setting or may designate legal representation as their support person to be present for moral support, though the support person may not participate in the proceedings. Otherwise, denied.

82. Denied.

83. Denied.

84. Rice incorporates its responses to paragraphs 1-83 above.

85. Rice admits that Title IX of the Education Amendment of 1972 speaks for itself as to its contents. Doe's argumentative statements about the law are not factual allegations Rice can admit or deny. To the extent any response is necessary, denied.

86. Rice admits that Title IX of the Education Amendment of 1972 speaks for itself as to its contents. Doe's argumentative statements about the law are not factual allegations Rice can admit or deny. To the extent any response is necessary, denied.

87. Doe's argumentative statement about the law is not a factual allegation Rice can admit or deny. To the extent any response is necessary, denied.

88. Rice admits that the documents referred to speak for themselves as to their contents. Doe's argumentative statement about the law is not a factual allegation Rice can admit or deny. To the extent any response is necessary, denied.

89. Rice admits that the documents referred to speak for themselves as to their contents. Doe's argumentative statement about the law is not a factual allegation Rice can admit or deny. To the extent any response is necessary, denied.

90. Rice admits that the documents referred to speak for themselves as to their contents. Doe's argumentative statement about the law is not a factual allegation Rice can admit or deny. To the extent any response is necessary, denied.

91. Rice admits that the documents referred to speak for themselves as to their contents. Doe's argumentative statement about the law is not a factual allegation Rice can admit or deny. To the extent any response is necessary, denied.

92. Rice lacks knowledge or information sufficient to form a belief about the truth of these allegations.

93. Denied.

94. Rice admits that it was informed that Harris County District Attorney declined to press charges against Doe. Rice admits that SJP found that the available evidence did not support a finding, based on the preponderance of the evidence, that Doe violated Rice's Sexual Misconduct Policy. Otherwise, denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Rice admits that it, in the absence of a formal complaint against Roe regarding herpes, SJP did not open an investigation or discipline her. Rice admits that Rice concluded that the testimony of other students, not present during the conversation between Doe and Roe, was not relevant to the investigation into whether Doe acted with reckless disregard, and that SJP did not consider the testimony of T.O. or other witnesses. Rice admits that SJP concluded that Roe told RUPD that she had been tested for herpes in the past, and that these tests came back negative. Rice admits that SJP concluded that Roe submitted two reports to RUPD for July 2017 and December 2017, and that only the December 2017 refers to testing for HSV; this report indicates a positive result for HSV-1. Rice admits that SJP concluded that Roe later told SJP that she assumed her earlier testing included herpes. Otherwise, denied.

100. Rice admits that pursuant to Section V.A of the Student Code of Conduct, the procedures used by SJP are not those used in court cases; formal rules of evidence and

11

jurisprudence do not apply, and Doe was not entitled to due process rights, including of cross-examination or to counsel. Otherwise, denied. Doe's argumentative statements about the law are not factual allegations Rice can admit or deny. To the extent any response is necessary, denied.

101. Rice admits that pursuant to Section V.A of the Student Code of Conduct, the procedures used by SJP are not those used in court cases; formal rules of evidence and jurisprudence do not apply, and Doe was not entitled to due process rights, including of cross-examination or to counsel. Rice admits that Rice concluded that the testimony of other students, not present during the conversation between Doe and Roe, was not relevant to the investigation into whether Doe acted with reckless disregard, and that SJP did not consider the testimony of T.O. or other witnesses. Otherwise, denied.

102. Rice admits that it imposed an interim suspension on Doe pursuant to Section 1.E.1 and 1.E.2 of the Student Code of Conduct on February 14, 2018. Rice admits that this interim suspension was later modified on March 7, 2018. Rice admits that SJP, after an investigation and based on a more likely than not standard, determined that Doe "failed to adequately notify [Jane Roe] of the fact that she was at risk of contracting HSV-1 from [him] if the two of [them] engaged in unprotected sex." Rice admits that as a result of this finding, Rice determined that Doe's "failure to disclose this information to a sexual partner, and then subsequently engage in unprotected sex, was a reckless action from which mental or bodily harm could result to another person," in violation of Section II(B)(1)(a) of the Student Code of Conduct. Rice admits that Doe was sanctioned as a result of this violation of the Student Code of Conduct. Otherwise, denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Rice incorporates its responses to paragraphs 1-107 above.

109. Doe's argumentative statements about the law are not factual allegations Rice can admit or deny. To the extent any response is necessary, denied.

110. Denied.

111. Denied.

112. Rice admits that pursuant to Section V.A of the Student Code of Conduct, the procedures used by SJP are not those used in court cases; formal rules of evidence and jurisprudence do not apply, and Rice applies a preponderance of the evidence standard. Otherwise, denied.

113. Denied.

114. Denied.

115. Denied.

116. Rice admits that Doe is entitled to a trial by jury of all issues presented here that are capable of being tried by a jury.

Denied that Doe is entitled to any of the relief for which he prays.

## **PRAYER**

WHEREFORE, Defendant William Marsh Rice University prays that Plaintiff John Doe takes nothing by this suit, that his claims against Rice be dismissed with prejudice, and that Rice be granted all such other relief to which it may show itself justly entitled.

13

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**


*/s/ Russell Hardin, Jr.*
Rusty Hardin
State Bar No. 08972800
Federal I.D. No. 19424
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEY-IN-CHARGE FOR DEFENDANT
WILLIAM MARSH RICE UNIVERSITY**

<u>**OF COUNSEL:**</u>

Terry D. Kernell
State Bar No. 11339020
Federal I.D. No. 15074
tkernell@rustyhardin.com

Emily M. Smith
State Bar No. 24083876
Federal I.D. No. 1890677
esmith@rustyhardin.com

**RUSTY HARDIN & ASSOCIATES, LLP**
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR DEFENDANT
WILLIAM MARSH RICE UNIVERSITY**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and will send all counsel of record notification of such filing to all registered parties.

*/s/ Terry Kernell*
Terry Kernell