IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| *Plaintiff* § | |
| § | |
| vs. § | Civil Action No. 4:20-cv-02985 |
| § | |
| WILLIAM MARSH RICE UNIVERSITY § | |
| d/b/a RICE UNIVERSITY, § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF'S MOTION FOR LEAVE
TO DESIGNATE EXPERT WITNESS AND LIMITED DISCOVERY**

COMES NOW, Plaintiff, John Doe and files this Motion seeking leave to designate an expert witnesses in this case.

1. The Plaintiff seeks leave to designate an expert to provide testimony in this case related to the economic damages of Plaintiff due to his untimely termination of his scholarship and being forced to leave school by Defendants. The Plaintiff submits to the Court that he has good cause for this late designation because of the unique nature and posture of this case, as explained below. Plaintiff proposes an extended deadline to designate experts as well as a subsequent deadline for Defendant to designate rebuttal experts.

I. BACKGROUND AND TIMELINE

2. This is a case brought pursuant to Title IX based on gender discrimination. The Plaintiff is a former Freshman student and football player for Rice University.

3.      This case arises out of a consensual sexual relationship between two University students who were briefly dating—John Doe (18 years old at the time) and Jane Roe (21 years old at the time). After John Doe and Jane Roe broke up, Jane Roe complained to Rice University that she, allegedly, contracted herpes as a result of their sexual relationship.

4.      Doe was suspended and convicted of, essentially, knowingly and maliciously transmitting genital herpes to fellow Junior student, Jane Roe, despite Jane Roe (a) having consensual, unprotected intercourse with John Doe on multiple occasions, and (b) freely acknowledging that John Doe had, in fact, informed her of his prior contraction of genital herpes while he was in high school. Rice University determined that it was the province of the university to oversee, adjudicate, and pass judgment on all things related to the consensual sexual intimacy of its adult students in favor of a female student and adverse to a male student, based upon gender considerations. Rice University revoked Doe's scholarship and forced him to terminate his education at Rice. Doe sued pursuant to Title IX.

5.      <u>Procedural Timeline</u>:

| | |
|---|---|
| Plaintiff's Original Complaint (Eastern District) | Filed 9/11/19 [Doc. 1] |
| Defendant's Answer | Filed 4/28/19 [Doc. 91] |
| Judge Mazzant's Scheduling Order (expert deadline 5/6/20, discovery deadline 8/12/20) | Signed 2/28/20 [Doc. 32] |
| | Case transferred to Southern District 8/25/20 |
| Judge Gilmore's Scheduling Order (does not extend previous deadlines) | Signed 12/4/20 [Doc. 60] |
| Defendant's Motion for Summary Judgment | Filed 1/16/21 [Doc. 61] |

| | |
|---|---|
| Plaintiff's Response to MSJ | Filed 2/26/21 [Doc. 79] |
| Judge Gilmore Grants SJ | Signed 9/16/21 [Doc. 93] |
| Plaintiff's Appellate Brief in 5th Cir. | Filed 1/12/22 |
| Defendant's Appellee Brief in 5th Cir. | Filed 3/12/22 |
| U.S. Supreme Court decides *Cummings v. Premier Rehab*, 596 U.S. 212 | 4/28/22 |
| Fifth Circuit reverses summary judgment in part and remands case | 5/11/23 |

6. In *Cummings*, the Supreme Court addressed the Fifth Circuit's holding that emotional distress damages were not available under the Rehabilitation Act or the Affordable Care Act. The Court affirmed and, for the first time, extended that holding to all "spending clause statutes," including Title IX. Plaintiff had pursued the instant case relying upon emotional distress damages. The Supreme Court opinion was not issued until long after the discovery and other deadlines in this case had passed and it was on appeal. Thus, Plaintiff had no opportunity to pursue other economic damages that the Court determined would be recoverable. As a result of the substantial sea change in the law, Plaintiff is now requesting an opportunity to designate an expert on economic losses and pursue any necessary discovery limited to that specific issue.

7. The district court has broad discretion to control its own docket and extend filing deadlines. *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 218 (5th Cir.1998); *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 367 (5th Cir.1995). Where a deadline for experts has been established by Court order, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to extend that deadline after it has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012); *Marathon Fin.*

*Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The deadline may be modified for good cause and with the judge's consent. *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). To determine whether the moving party has established good cause, the Court considers the following four factors:

(1) the explanation for the failure to timely move to extend deadline;
(2) the importance of the amendment;
(3) potential prejudice in allowing the amendment; and
(4) the availability of a continuance to cure such prejudice.
*Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

      Applying these factors here, such weigh in favor of establishing new deadlines. The explanation for failing to earlier move the deadlines is that the law at the time the deadlines were established was entirely different and allowed for the recovery of mental anguish and emotional distress damages in Title IX cases. Thus, Plaintiff had the opportunity to choose which damages to prove and it was not necessary for Plaintiff to retain expert(s) to establish economic damages. It is now very important to establish new deadlines so that the Plaintiff can avail himself of the opportunity to establish economic damages. There will be no prejudice as a result of the extension of deadlines as this case is not currently set for trial and Defendant would have the opportunity to also conduct discovery on this issue and also designate experts. Finally, a continuance would not be necessary as there is no current governing docket control order.

      WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Court grant this motion and allow Plaintiff time to designate an expert and conduct limited discovery.

Respectfully submitted,

/s/Susan E. Hutchison
SUSAN E. HUTCHISON
State Bar No. 10354100
sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
T: (817) 336-5533
F: (817) 887.5471

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this February 5, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

Russell Hardin, Jr.
Terry D. Kernell
Emily M. Smith
Rusty Hardin & Associates, LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010

/s/ Susan E. Hutchison.
Susan E. Hutchison

**CERTIFICATE OF CONFERENCE**

On January 19, 2024, Plaintiff's counsel conferred with Emily Smith, counsel for Defendant, and Defendant is opposed to said Motion.

s/Susan E. Hutchison
Susan E. Hutchison