IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-02985 |
| | § | |
| WILLIAM MARSH RICE | § | |
| UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WILLIAM MARSH RICE UNIVERSITY'S**
**RE-URGED MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant William Marsh Rice University d/b/a Rice University ("Rice") re-urges its Motion for Final Summary Judgment on a dispositive damages issue that Judge Gilmore did not reach in granting summary judgment in Rice's favor. Plaintiff Joe Doe ("Doe") is not entitled to economic damages as a matter of law. He never produced any computations, documents, expert testimony, or other evidence of any economic damages arising from his Title IX claim. Because economic damages are the only damages recoverable in Title IX cases following the *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022) decision, Doe's lingering claims should be dismissed.

I.      **SUMMARY OF THE ARGUMENT**

Rice student Jane Roe ("Roe") complained to the office of Rice's Student Judicial Programs ("SJP") that fellow-student, Doe failed to adequately disclose his herpes diagnosis to her before engaging in consensual unprotected sex. After an investigation, SJP disciplined Doe for insufficient disclosure, a reckless action that could harm another person under the Rice Code of

1

Student Conduct (the "Code). Doe later sued Rice, alleging violations Title IX and breaches of "express and/or implied contracts" requiring "fairness." Rice denied all claims.

In 2021, Rice moved on both the substance of Doe's Title IX and breach of contract claims, as well as on the absence of any evidence of damages. This Court found Doe had not raised an issue of material fact on liability. The Fifth Circuit affirmed the breach of contract dismissal but reversed the Title IX ruling, remanding those claims to this Court. ECF No. 102. Neither this Court nor the Fifth Circuit reached the issue of damages. *See* ECF No. 93 at 28; *see also* ECF No. 102. Rice now re-urges its summary judgment motion on that issue.

## II.   RELEVANT FACTUAL BACKGROUND[1]

Doe entered Rice as a Freshman in August 2017 on a football scholarship. ECF No. 1, ¶¶ 41, 43. While in high school Doe was diagnosed with herpes. *Id.*, ¶ 45. During the fall of 2017 he had a brief relationship with Rice student Jane Roe. *Id.*, ¶ 44. The relationship, which ended before the Christmas holiday, included multiple encounters of unprotected sex. *Id.*, ¶¶ 45, 49, 50.

On December 14, 2017, the morning after their last sexual encounter, Roe texted Doe that she was concerned she was experiencing an apparent herpes outbreak. ECF No. 61, Ex. A, Garza Dec., Ex. 4, p. 1. Doe admitted to Roe that he knew he had herpes and that it is a permanent condition that "never goes away." *See id.*, pp. 2–8.

Roe submitted a complaint to SJP. ECF No. 61, Ex. A, Garza Dec., Ex. 4. SJP immediately contacted Doe, outlining Roe's allegations and informing him SJP would be investigating whether Doe violated the prohibition in section II.B.1.a. of the Code. ECF No. 61, Ex. A, Garza Dec., Ex.

---

[1] The Declarations of Emily Garza, Allison Vogt, Rick Mello, and Terry Kernell were attached in support of Rice's original summary judgment motion as Exhibits A, B, C, and D, respectively. The Declaration of Emily Smith is attached hereto as Exhibit E.

8. That provision prohibits Rice students from "intentionally inflicting or attempting to inflict mental or bodily harm on any person [and] . . . taking any reckless action, or showing reckless disregard, from which mental or bodily harm could result to any person." *Id.* at 3.

After investigating, SJP issued a decision letter. ECF No. 61, Ex. A, Garza Dec., Ex. 22. Rice detailed the evidence gathered, explained the implications and conclusions drawn from it, including the credibility of Doe and Roe's statements and the effects of any inconsistencies in them, and justified its findings. *Id.* SJP found Doe knew he had herpes and knew it was incurable at the time he and Roe became intimate. *Id.* at 1–2. SJP found that while Doe and Roe had a "brief" conversation before engaging in unprotected sex, Doe admitted this conversation "wasn't deep or graphic". *Id.* at 2. He described his herpes diagnosis as a "run-in" he had in high school. *Id.* Doe and Roe agreed Doe never mentioned the implications of his herpes diagnosis, the lifetime repercussions of being a carrier irrespective of prior treatment or outbreaks, or the heightened risk of spreading the disease to sexual partners through unprotected sex. *See id.* Based on these findings and the applicable standard of proof, SJP found it was more likely than not that Doe "failed to adequately notify [Roe] of the fact that she was at risk of contracting HSV-1 from [Doe] if [they] engaged in unprotected sex." *Id.* at 1. Doe's failure to clearly disclose this information to a sexual partner, and then subsequently engage in unprotected sex, was found to be "a reckless action from which mental or bodily harm could result to another person"—a violation of the Code. *Id.* at 1–2.

Rice's Dean of Undergraduates upheld SJP's decision on appeal. *See* ECF No. 61, Ex. A, Garza Dec., Ex. 24. The Dean found that Doe, "[a]s the carrier of the infection . . . bore the responsibility for the safety of any and all sexual partners with whom [he] engage[d]. [His] brief disclosure [to Roe] . . . failed that responsibility." *Id.* at 2.

3

Doe was not suspended or expelled as punishment for violating the Code.  Instead, he was "rusticated"—allowed on campus only for academic and other authorized purposes—for fourteen months. *See* ECF No. 61, Ex. A, Garza Dec., Ex. 22 at 7. He could then petition SJP to lift his rustication and, if successful, return to normal campus life. *Id.* at 7–8. Instead, Doe requested and was granted a release from his scholarship, voluntarily withdrew as a Rice student, and transferred to another institution. *See* ECF No. 61, Ex. A, Garza Dec., Ex. 25.

## III.     RELEVANT PROCEDURAL BACKGROUND

In September 2019, Doe sued Rice in the Eastern District of Texas for violating Title IX and breach of contract. He also sued current Rice employee Emily Garza, and former Rice employee Dr. Donald Ostdiek, Ph.D.[2] His Original Complaint[3] sought "tremendous damages" including "economic injuries." *See* ECF No. 1, ¶ 106.

While venued in the Eastern District, this case was governed by an Order Governing Proceedings. *See* ECF No. 21. Doe's mandatory initial Rule 26 disclosures—including "a computation of each category of damages claimed by the disclosing party" and actual production of "[a] copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party"—were due by February 10, 2020. *Id.* at 4; *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii). That Order mandated that the discovery period was "**<u>NOT</u>** an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosure, under the guise of 'supplementation.'" ECF No. 21 at 5 (emphasis in original). Failing to fully comply had significant consequences: "**<u>A party that fails to timely</u>**

---

[2] Ms. Garza and Dr. Ostdiek were dismissed from the suit in May 2020. *See* ECF No. 34.

[3] The Original Complaint is the live pleading in this case.

**disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion."** *Id.* at 4 (emphasis in original).

Doe did not provide any information supporting any element of his alleged damages on February 10, 2020, and in discovery, Doe produced only 31 documents, none of which contained any evidence of damages. *See* Ex. E, Smith Decl., ¶¶ 4–5. Instead, on August 12, 2020—the day discovery closed—Doe supplemented his Rule 26 disclosures to specify that his alleged economic damages were:

(1)     the loss of educational and career opportunities (including but not limited to the full value of Rice tuition, room, and board for 4 years);

(2)     the difference in value between a Rice degree and his expected degree from A&M Commerce;

(3)     his expenses and costs related to his post-Rice education, room, and board;

(4)     his lost career prospects, including a professional career in the NFL;

(5)     the difference in the average starting salary of a Rice graduate and a Texas A&M Commerce graduate; and

(6)     the difference between the average lifetime earning of a Rice graduate and a Texas A&M Commerce graduate.

*See* Ex. E, Smith Decl., ¶ 5; Ex. E-1, Plaintiff's First Supplemental Rule 26 Initial Disclosures at 8–9.

Doe never named any experts. He also never provided any evidence or damages computations (which would likely have required an expert's analysis) for any of the six categories of monetary damages identified in his belated disclosures. Ex. E, Smith Decl., ¶ 6.

Venue of this case was transferred to the Southern District of Texas in August 2020. *See* ECF No. 49. Prior to the initial Scheduling Conference before this Court, the parties filed a Joint Discovery/Case Management Plan Under Rule 26(f). ECF No. 59. This Plan required the parties to "[d]escribe the proposed agreed discovery plan, including: . . . when the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)." *Id.* at 3–4. Doe responded as follows:

**Plaintiff**: Pursuant to the original Agreed Scheduling Order in this matter (Doc. 32), the discovery deadline ran on August 12, 2020. Plaintiff does not believe that any further discovery is necessary, as ample time has been allowed for discovery to date.

*Id.* at 4.

Rice agreed.

**Defendant**: Rice agrees that no further discovery is necessary.

*Id.*

At the December 4, 2020 Scheduling Conference, Doe again insisted that discovery had closed and the parties should proceed to trial. This Court agreed, issuing a scheduling order setting December 4, 2020 (*i.e.*, the date of the Scheduling Conference) as the deadline to designate expert witnesses and the close of discovery. ECF No. 60.

## SCHEDULING ORDER

| | | |
|---|---|---|
| 1. | December 4, 2020 | **AMENDMENTS TO PLEADINGS AND ADDITION OF NEW PARTIES**<br>Party requesting joinder will furnish a copy of this scheduling order to new parties. |
| | | **EXPERTS** |
| 2a. | December 4, 2020 | Plaintiff, or party with the burden of proof, will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rule of Civil Procedure 26(A)(2). |
| 2b. | December 4, 2020 | Defendant, or party with the burden of proof, will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rule of Civil Procedure 26(A)(2). |
| 3. | December 4, 2020 | **DISCOVERY**<br>Counsel may, by agreement continue discovery beyond the deadline. No continuance will be granted because of information acquired in post–deadline discovery. |

Subsequent scheduling orders extended the joint pre-trial order deadline, docket call, and trial date, but they did not alter, extend, or resurrect the expert designation deadline or the discovery cutoff date. *See* ECF No. 88 (setting an October 2021 trial date).

Rice sought summary judgment on both the substance of Doe's Title IX and breach of contract claims and the absence of any evidence of damages with respect to all his claims. ECF No. 61. On September 15, 2021 this Court granted Rice's Motion for Final Summary Judgment. ECF Nos. 93, 94. This Court found that Doe had not raised an issue of material fact on liability for Title IX and breach of contract claims. The Fifth Circuit reversed that ruling in part, remanding the Title IX claims to this Court. ECF No. 102. Neither this Court nor the Fifth Circuit reached Rice's alternative ground of damages. *See* ECF No. 93 at 28; *see also* ECF No. 102.

## IV.     ARGUMENT

Doe lacks any evidence of damages on his only remaining claim, Title IX gender discrimination, entitling Rice to summary judgment.

### A.     Legal Standards

#### 1.     Summary Judgment.

As the party seeking summary judgment, Rice bears the initial burden of showing the Court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(a). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When, as here, the nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) *arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. See Celotex*, 477 U.S. at 322–25. There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### B.     Doe Cannot Recover Non-Economic Damages

From the inception of this case, Doe sought both economic and non-economic damages for Rice's alleged Title IX violations. ECF No. 1. His recent Motion for Leave to Designate Expert Witnesses acknowledges that *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022)

8

prohibits him from recovering the "intangible" damages he is seeking.[4] ECF No. 104. Doe therefore correctly concedes that he must rely _solely_ upon evidence of economic damages for any recovery under his Title IX claims. _See_ ECF No. 104.

### C.    Doe Has No Evidence of Economic Damages

Despite seeking them for years, Doe concedes he has no evidence of the only damages—economic damages—he can still recover. _See_ ECF No. 104, ¶ 6. He admits that he relied on his alleged emotional distress damages.[5] _Id._ He admits he did not "designate an expert on economic losses." _Id._ And he admits he did not "pursue any necessary discovery . . . [on] that specific issue." _Id._ He also failed to provide any computations or produce any relevant documents. _See_ Ex. E, Smith Decl., ¶¶ 4, 6.

These undisputed facts are fatal to Doe's claims. As detailed above, Doe was required to disclose damage computations and produce all supporting documents by February 10, 2020, and

---

[4] _Cummings_ addressed the recoverability of emotional distress damages in private actions to enforce the antidiscrimination provisions of the Rehabilitation Act of 1973, § 504, 87 Stat. 394, as amended, 29 U.S.C. § 794(a), and the Patient Protection and Affordable Care Act, § 1557, 42 U.S.C. § 18116 ("ACA").

Cummings was denied access to an American Sign Language interpreter at her physical therapy appointments. _Id._ at *3. She argued this denial constituted discrimination on the basis of her sight and hearing disabilities, violating these statutes and resulting in emotional distress damages. The District Court dismissed her case on the basis that emotional harms were not recoverable. The Fifth Circuit affirmed. _Id._

The Supreme Court held that as Spending Clause statutes, the remedies for violating Title VI (prohibiting race, color, and national origin discrimination), Title IX (prohibiting sex discrimination), the Rehabilitation Act (prohibiting disability discrimination), and the Affordable Care Act are limited to those generally available for breach of contract. Those remedies do not include emotional distress. _Id._ at *6.

[5] Doe contends that prior to _Cummings_ he "had no opportunity to pursue other economic damages that the Court determined would be recoverable." ECF No. 104, ¶ 6. That is simply not true. The case's procedural history wholly contradicts his tale of woe.

disclose his damage expert and their opinions at the latest by December 4, 2020. If those disclosures were materially incomplete or incorrect, he had to timely supplement them. *See* FED. R. CIV. P. 26(e)(1) (requiring timely supplementing 26(a) disclosures).

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion. . . ." FED. R. CIV. P. 37(c)(1); *see also CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009) (affirming exclusion of damages evidence pursuant to FED. R. CIV. P. 37(c)(1) where plaintiff "failed to properly disclose the 'computations' for the various 'categories' of damages it now complains of") (quoting FED. R. CIV. P. 26(a)(1)(A)(3)). Excluding undisclosed evidence is "a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision [37](a)(2)(A)." FED. R. CIV. P. advisory committee's note to 1993 amendment, ¶ 9.

Doe's inability to offer evidence of economic damages he failed to disclose during discovery entitles Rice to summary judgment. *See Norris v. P.A.M. Transport, Inc*., Civ. Action No. 1:16-CV-471, 2017 WL 3671366, **4–5 (E.D. Tex. Aug. 10, 2017) (barring plaintiff from offering evidence at summary judgment stage not disclosed during discovery, finding no evidence of damages, and granting defendant summary judgment).

The exception to exclusion of such evidence—i.e., "the failure was substantially justified or is harmless"—does not save his claims. *See* FED. R. CIV. P. 37(c)(1). Assuming he could recover noneconomic damages does not explain or justify Doe failing to develop and disclose evidence of the other damages he is seeking. *See* ECF No. 105 at 7–8. And "[g]iven the advanced stage of the litigation, permitting the new evidence would not [be] harmless." *CQ*, 565 F.3d at 280. Doe's own motion for leave to designate expert witnesses and for limited discovery proves as much. *See* ECF No. 104. Further delaying resolution of this case, the additional expense of conducting discovery

on any information and expert opinions Doe is allowed to offer, and hiring and presenting Rice's own damages expert are all harms Rice will directly and unavoidably suffer if new evidence is allowed. *See* ECF No. 105 at 9–10 (explaining why amendment would be prejudicial and would cause delay); *see also CQ*, 565 F.3d at 280 (quoting *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179–80 (9th Cir. 2008) ("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless.")).

Doe lacks any admissible evidence for calculating or computing his alleged economic damages. His claims should be dismissed.

## V.     CONCLUSION

Damages are an element on which Doe bears the burden of proof. He cannot recover non-economic damages as a matter of law, and he has no evidence of the only kind of damages he could recover. Rice therefore respectfully requests that this Court grant summary judgment on Doe's remaining claims and dismiss this case with prejudice.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

 */s/ Russell Hardin, Jr.*
Russell Hardin, Jr.
State Bar No. 08972800
Federal I.D. No. 19424
rhardin@rustyhardin.com

11

5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEY-IN-CHARGE FOR DEFENDANT
WILLIAM MARSH RICE UNIVERSITY**

**OF COUNSEL:**
Terry D. Kernell
State Bar No. 11339020
Federal I.D. No. 15074
tkernell@rustyhardin.com

Emily M. Smith
State Bar No. 24083876
Federal I.D. No. 18906776
esmith@rustyhardin.com

**RUSTY HARDIN & ASSOCIATES, LLP**
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR DEFENDANT
WILLIAM MARSH RICE UNIVERSITY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

 */s/ Emily Smith*
Emily Smith