United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE, § § §  Plaintiff, § § VS. § § WILLIAM MARSH RICE UNIVERSITY, § *et al.*, § § § Defendants. § | CIVIL ACTION NO. 4:20-CV-02985 |

# ORDER

Before the Court are two motions: Plaintiff John Doe's ("Plaintiff") Motion for Leave to Designate an Expert Witness and for Limited Discovery (Doc. #104), Defendant William Marsh Rice University's ("Rice" or the "University") Response (Doc. #105), and Plaintiff's Reply (Doc. #107); and Rice's Renewed Motion for Summary Judgment (Doc. #106), Plaintiff's Response (Doc. #108), and Rice's Reply (Doc. #109). Having considered the parties' arguments and the applicable legal authorities, the Court grants Plaintiff's Motion for Leave (Doc. #104) and denies Rice's Renewed Motion for Summary Judgment (Doc. #106).

A detailed recitation of the factual background of this case can be found in the Order granting Rice's Motion for Summary Judgment (Doc. #93) or in the Fifth Circuit's Order addressing the same (Doc. #103). To summarize, in September 2019, Plaintiff, a former Rice student, sued the University for gender discrimination in violation of Title IX of the Educational Amendments Act of 1972 ("Title IX"). Doc. #1. In 2017, during Plaintiff's freshman year, he began dating a fellow student at Rice, Jane Roe ("Roe"), who was in her junior year at the time. Doc. #103 at 2. At some point early in their relationship, the two discussed their sexual histories,

including the fact that Plaintiff contracted herpes and chlamydia in high school. *Id.* Yet, Plaintiff and Roe had several consensual, unprotected sexual encounters. *Id.* Their relationship ended in early December 2017. Shortly thereafter, Roe informed Plaintiff that she thought she had herpes and had contracted it from him. *Id.* Roe reported Plaintiff to Rice's Title IX office and filed a formal complaint with the University's Student Judicial Programs ("SJP"), specifically claiming that Plaintiff knew that he had herpes and infected her with it during a consensual sexual encounter. *Id.* This prompted an investigation by SJP, which ultimately resulted in Plaintiff being released from the Rice football program and losing his football scholarship. *Id.* at 5. Consequently, Plaintiff withdrew from the University because he lost his football scholarship. *Id.*

In this lawsuit, Plaintiff claims that Rice "violated Title IX by investigating and adjudicating a punishment in a way that was biased against him as a male." *Id.*; *see also* Doc. #1. Plaintiff also brought a breach of contract claim against Rice. Doc. #1. Rice moved for summary judgment on all of Plaintiff's claims, which former United States District Judge Vanessa D. Gilmore granted on September 16, 2021. Doc. #93. Plaintiff appealed. On June 12, 2023, the Fifth Circuit affirmed as to the breach of contract claim and reversed and remanded as to the Title IX claim, specifically noting that the record clearly indicates that material fact issues remain. Doc. #103. In early 2024, Plaintiff moved for leave to designate an expert witness and for limited discovery (Doc. #104), and shortly thereafter, Rice renewed its motion for summary judgment as to damages (Doc. #106). The Court heard oral arguments on the motions before it during a status conference on May 17, 2024. The Court now considers the motions.

In the Motion for Leave to Designate an Expert Witness and for Limited Discovery, Plaintiff asks that the Court permit the parties to reopen discovery for the limited purpose of allowing Plaintiff to designate an expert to provide testimony related to the economic damages he

2

may be entitled to due to the untimely termination of his scholarship and being forced to leave Rice. Doc. #104. Plaintiff acknowledges that pursuant to parties' scheduling order, the deadline to designate experts expired on May 6, 2020. *Id.* at 2. However, he argues that due to a change in the law, such a request to late-designate an expert is warranted. When Plaintiff filed this case, the law allowed a party to seek noneconomic damages for a Title IX claim. *Id.* at 4. As such, Plaintiff chose to pursue noneconomic damages and did not find it "necessary for [him] to retain expert(s) to establish economic damages." *Id.* However, while this case was on appeal before the Fifth Circuit, the United States Supreme Court ruled in *Cummings v. Premier Rehab Keller, P.L.L.C.* that noneconomic damages are not recoverable under Title IX. 596 U.S. 212, 218, 230 (2022) (noting Title IX as one of the four antidiscrimination statutes and holding that "emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes"). As such, Plaintiff now seeks to pursue the only damages available to him—economic damages.

Plaintiff relies on the Fifth Circuit's four factors to prove there is good cause for the Court to allow him to now designate an expert. Doc. #104 at 4. The four factors are: (1) the explanation for the failure to designate; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure any prejudice. *See CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Plaintiff avers that the failure to earlier move to designate an expert was predicated on the state of the law at the time the case was filed, which allowed for the noneconomic damages that he chose to prove in lieu of economic damages. Doc. #104 at 4. The amendment is now "very important . . . so that Plaintiff can avail himself of the opportunity to establish economic damages." *Id.* And there will be no prejudice or need for a continuance because this case is not currently set for trial, and Rice can also designate an expert and engage in limited discovery on Plaintiff's economic damages as well. *Id.*

3

Rice disagrees, arguing in its Response to Plaintiff's Motion (Doc. #105) and in its Renewed Motion for Summary Judgment (Doc. #106) that the *Cummings* decision regarding *noneconomic* damages has no bearing on Plaintiff's failure to timely designate an expert on *economic* damages. Doc. #105 at 1; Doc. #106 at 8–9. Rice avers that from the inception of the case, Plaintiff sought both economic and noneconomic damages, so it should have been incumbent upon him to properly and timely designate experts to prove both types of damages. Doc. #105 at 7; Doc. #106 at 8. As such, Rice not only opposes Plaintiff's Motion for Leave but also asks the Court to grant summary judgment on Plaintiff's Title IX claim because he has no evidence of economic damages. Doc. #105; Doc. #106.

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires that "a party must, without awaiting a discovery request, provide . . . a *computation* of each *category* of damages . . . [and] the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based." FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). If a party fails to provide such information, Rule 37(c)(1) forbids use of that "information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Here, it is undisputed that Plaintiff failed to properly disclose the "computations" for the economic damages he now seeks. So, the Court must apply the four factors to determine if there was good cause for this failure. *See CQ, Inc.*, 565 F.3d at 280. Plaintiff's explanation for its failure to disclose an expert is sufficient. While Plaintiff could have, and perhaps should have, designated an expert to opine on economic and noneconomic damages during the discovery period, the state of the law at the time allowed Plaintiff to pursue noneconomic damages, and he chose to do so. Plaintiff's pursuit of his Title IX claim should not be thwarted because the state of the law changed

4

during the pendency of this case. It is also apparent that this designation is important, as made clear by Rice's pursuit to obtain summary judgment on the lack of evidence of economic damages for Plaintiff's Title IX claim. Doc. #106. The only recoverable damages that are available to Plaintiff are economic damages. As such, it is important that he be afforded the opportunity to designate an expert to prove his case. The Court finds no potential prejudice to Rice as both parties would be permitted to designate an expert to opine on economic damages. Finally, because this case is not currently set for trial, there is no need for a continuance.

As such, the Court finds good cause to GRANT Plaintiff's Motion for Leave (Doc. #104) and DENY Rice's Renewed Motion for Summary Judgment (Doc. #106). Further, the parties are hereby ORDERED to confer on and file a proposed scheduling order with the deadlines to designate experts and conduct the limited discovery requested, and propose a date for a trial setting.

It is so ORDERED.

__SEP 0 9 2024__  
Date

_____  
The Honorable Alfred H. Bennett  
United States District Judge

5