**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:20-cv-02985** |
| | § | |
| **WILLIAM MARSH RICE UNIVERSITY** | § | |
| **d/b/a RICE UNIVERSITY**, | § | |
| | § | |
| *Defendant.* | § | |

---

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND CHARGE

---

NOW COMES John Doe, Plaintiff in the above entitled and numbered cause, and files this proposed Jury Charge, in support of which would respectfully show the Court the following:

Plaintiff's Proposed Jury Charge: .

General Instructions:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to  be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not

evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. [5th Cir. Pattern Jury Instruction 3.1]

Plaintiff John Doe has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff John Doe has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim. [5th Cir. Pattern Jury Instruction 3.2]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a      preponderance of all the evidence, both direct and circumstantial. [5th Cir. Pattern Jury Instruction 3.3]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness. [5<u>th</u> Cir. Pattern Jury Instruction 3.4]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. [5<u>th</u> Cir. Pattern Jury Instruction 2.3]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circum- stances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you in this trial. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court. [5<u>th</u> Cir. Pattern Jury Instruction 2.13]

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer. [5<u>th</u> Cir. Pattern Jury Instruction 2.15]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. [5<u>th</u> Cir. Pattern Jury Instruction 2.16]

## **Question No. 1:**

Do you find from a preponderance of the evidence that Rice University violated Title IX in reaching an erroneous outcome in a disciplinary proceeding?

Answer Yes or No:  _____

*Doe v. William Marsh Rice University,* 67 F.4th 702, 710 (5th Cir. 2023)

**<u>Question No. 2</u>**

Do you find from a preponderance of the evidence that Rice University selectively enforced its policies and procedures with respect to its handling of Jane Roe's allegations against John Doe?

Answer Yes or No:    _____

*Doe v. William Marsh Rice University,* 67 F.4th 702, 712 (5th Cir. 2023)

**<u>Question No. 3</u>**

Do you find from a preponderance of the evidence that Rice University made archaic assumptions about the roles of men and women in its handling of Jane Roe's allegations against John Doe?

Answer Yes or No:    _____

*Doe v. William Marsh Rice University,* 67 F.4th 702, 713 (5th Cir. 2023)

If you answered "Yes" to Question No. 1 or Question No. 2 or Questions No. 3, then answer Questions No. 4.  Otherwise, do not answer Question No. 4.

**<u>Question No. 4</u>**

What sum of money, if paid now in cash, would fairly and reasonably compensate John Doe for his injuries, if any, that resulted from the occurrences in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

l. Loss of scholarship
Answer: $ _____

2. Loss of earning capacity.
Answer: $_____

If you answered "Yes" to Question No. 1 or Question No. 2 or Questions No. 3, then answer Questions No. 5.  Otherwise, do not answer Question No. 5.

**Question No. 5**

What sum of money would fairly and reasonably compensate John Doe's attorneys for their representation of John Doe in this matter, including all appeals?

Answer: $_____

Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror  should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

[5th Cir. Pattern Jury Instruction 3.7]

SIGNED this _____ day of _____ 2025

_____
United States District Judge

Respectfully submitted,

/s/Susan E. Hutchison
SUSAN E. HUTCHISON
Texas Bar No. 10354100
sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
T: (817) 336-5533
F: (817) 887.5471

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

This is to certify that on July 10, 2025, a true and correct copy of the above and foregoing document was served on all counsel of record via efile system.

s/Susan E. Hutchison
Susan E. Hutchison