IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE, | § |
|     Plaintiff, | § |
| | § |
| | §    CIVIL ACTION 4:20-cv-02985 |
| WILLIAM MARSH RICE UNIVERSITY, | § |
| | § |
|     Defendant. | § |

# DEFENDANT WILLIAM MARSH RICE UNIVERSITY'S ("RICE") OBJECTIONS TO PLAINTIFF JOHN DOE'S PROPOSED EXHIBITS

Rice objects to the introduction into evidence of certain of Plaintiff's proposed trial exhibits on the grounds stated below.

| EXHIBIT | OBJECTIONS |
|---|---|
| 4<br>Texts with Doe and Roe 12/14; Rice 61-68 | **Authenticity (partial document).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Cumulative (duplicative of Exhibit 1 (Rice 60-68)).**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of needlessly presenting cumulative evidence). |
| 8<br>National Letter of Intent; Rice 831-835 | **Authenticity (description does not match document; bates number range includes two separate documents in one exhibit).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). |

1

| | |
|---|---|
| 13<br>Written Response by Plaintiff 3/6/2018 Rice 572-575 | **Hearsay (last paragraph of page 2) to the extent offered for the truth of the statements.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"). |
| 15<br>Letter from Rice/Garza to Plaintiff 4/17/18 re investigation/decision with edits Rice 576-607 | **Authenticity (bates number range includes four separate documents in one exhibit).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). |
| 17<br>Texts with Roe and Doe 12/14 Rice 70-73 | **Authenticity (partial document).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Cumulative (duplicative of Exhibits 1 (Rice 60-68) and 4 (Rice 61-68)).**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of needlessly presenting cumulative evidence). |
| 18<br>Letter to SJP from Roe 3/15/2018 re Response from Plaintiff's Response letter Rice 76-78 | **Cumulative (duplicative of Exhibit 14 (Rice 76-78)).**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of needlessly presenting cumulative evidence). |
| 23<br>Text with Roe and Doe 12/18 Rice 74 | **Authenticity (partial document).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Cumulative (duplicative of Exhibits 1 (Rice 60-68), 4 (Rice 61-68), and 17 (Rice 70-73)).**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of needlessly presenting cumulative evidence). |

| 26<br>Hanna Stotland Report P 175-182 | **Relevance (not relied on by Plaintiff's economics expert; emotional distress/mental anguish damages not recoverable).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Unreliable, and therefore irrelevant and inadmissible.**<br>See FED. R. EVID. 703(a)-(d) (expert testimony not admissible unless relevant and reliable); see also Dkt. 119 (Rice MSJ/*Daubert* motion, incorporated herein by reference).<br><br>**Hearsay (entire report).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts statements by plaintiff or others).**<br>See FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception); see also FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| :---: | :--- |
| 27<br>Stotland Testimony P 183 | **Relevance.**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**More prejudicial than probative.** FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice).<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"). |

| | |
|---|---|
| 28<br>Stotland CV P 184-190 | **Relevance.**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice).<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"). |
| 30<br>Allyn Needham Report P 192-198 | **Unreliable, and therefore irrelevant and inadmissible.**<br>*See* FED. R. EVID. 703(a)-(d) (expert testimony not admissible unless relevant and reliable); *see also* Dkt. 119 (Rice MSJ/*Daubert* motion, incorporated herein by reference).<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay (entire report).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts information from other sources).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit"). |

4

| | |
|---|---|
| | **More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 31<br>Plaintiff Lost Earning Capacity Scenario I P 199 | **Unreliable, and therefore irrelevant and inadmissible.**<br>*See* FED. R. EVID. 703(a)-(d) (expert testimony not admissible unless relevant and reliable); *see also* Dkt. 119 (Rice MSJ/*Daubert* motion, incorporated herein by reference).<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts information from other sources).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 32<br>Plaintiff Lost Earning Capacity Scenario II P 199 | **Unreliable, and therefore irrelevant and inadmissible.**<br>*See* FED. R. EVID. 703(a)-(d) (expert testimony not admissible unless relevant and reliable); *see also* Dkt. 119 (Rice MSJ/*Daubert* motion, incorporated herein by reference).<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"). |

| | | |
|---|---|---|
| | | **Double hearsay (to the extent it recounts information from other sources).** *See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit"). <br><br> **More prejudicial than probative.** FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| | 33 <br> Needham CV P 201-216 | **Relevance.** FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). <br><br> **More prejudicial than probative.** FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). <br><br> **Hearsay.** FED. R. EVID. 802 ("Hearsay is not admissible…"). |
| | 35 <br> Requirements for CEA P 218 | **Relevance.** FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). <br><br> **More prejudicial than probative.** FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). <br><br> **Hearsay.** FED. R. EVID. 802 ("Hearsay is not admissible…"). |
| | 36 <br> Needham Testimony P 219-278 | **Relevance.** FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). |

6

| | |
|---|---|
| | **More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 38<br>Plaintiff Costs P 280-81 | **Unreliable, and therefore irrelevant and inadmissible.**<br>*See* FED. R. EVID. 703(a)-(d) (expert testimony not admissible unless relevant and reliable); *see also* Dkt. 119 (Rice MSJ/*Daubert* motion, incorporated herein by reference).<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 39<br>Plaintiff Account Balance P 282 | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). |

7

|  | |
|---|---|
|  | **Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 42<br>Independence Community College financial aid package P 285 | **Authenticity (appears to be missing at least one page).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide |

| | | |
|---|---|---|
| | | information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless."<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| | 43<br>Collin College-Spring Creek Charges P 286 | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless."<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) |

| | |
|---|---|
| | (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 44<br>Plaintiff Student Account 2017 summer P 287-288 | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |

| | |
|---|---|
| 45<br>The Villas Housing Contract P 289-295 | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay (to the extent offered as proof of payment).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 46<br>The Villas Lease Addendum P 296-300 | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). |

11

| | | |
|---|---|---|
| | | **Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay (to the extent offered as proof of payment).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| | 47<br>Student Account 2019 Spring P 301-302 | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) |

| | | |
|---|---|---|
| | | (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 48<br>Student Account 2017 Fall P 303-304 | | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance (no relevance to a disclosed measure of damages).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Information on other educational costs as damages excluded under discovery rules.**<br>FED. R. CIV. P. 37(c)(1) (party failing to provide information "required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless.").<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…"); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 51<br>Types of Separation from Rice P 44 | | **Authenticity.**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). |

| | |
|---|---|
| 52<br>Plaintiff Notice of Appeal P 37-40 | **Hearsay (to the extent offered for the truth of the statements).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts information from other sources).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception). |
| 53<br>Allyn Needham Affidavit | **Unreliable, and therefore irrelevant and inadmissible.**<br>*See* FED. R. EVID. 703(a)-(d) (expert testimony not admissible unless relevant and reliable); *see also* Dkt. 119 (Rice MSJ/*Daubert* motion, incorporated herein by reference).<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts information from other sources).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception); *see also* FED. R. EVID. 803(18) (statements relied on by experts cannot be "received as an exhibit").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |

| | |
|---|---|
| 56<br>Fifth Circuit's Opinion in Plaintiff's case | **Relevance.**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts information from other sources).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception).<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice). |
| 57<br>Letter from Plaintiff's attorney re: appeal 2/23/18 P 28-29 | **Hearsay to the extent offered for the truth of statements in it.**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts or offers statements to or from others for their truth).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception).<br><br>**Best evidence (letter to Garza must be used to prove its contents rather than statements about its content).**<br>FED. R. EVID. 1002 ("An original writing…is required in order to prove its content…"). |

| | |
|---|---|
| 62<br>Letter from Plaintiff's attorney Podolsky to Garza re immediate dismissal demand 4/9/18 P 19-22 | **Relevance (to the extent it is making argument).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice).<br><br>**Hearsay (to the extent offered for the truth of statements in it).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts or offers statements to or from others for their truth).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception).<br><br>**Best evidence (documents/recordings referred to must be used to prove their contents rather than statements about their content).**<br>FED. R. EVID. 1002 ("An original writing…is required in order to prove its content…"). |
| 66<br>National Letter of Intent 2/1/17 P 42-43 | **Authenticity (partial document; parts of two different documents in one exhibit).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Cumulative (partially duplicative of Exhibit 8 (Rice 831-835)).**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of needlessly presenting cumulative evidence). |

16

| | |
|---|---|
| 67<br>Letter to Garza from Podolsky 2/20/18 P 30-32 | **Relevance (to the extent it is making argument).**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible.").<br><br>**More prejudicial than probative.**<br>FED. R. EVID. 403 (excluding evidence if probative value substantially outweighed by danger of unfair prejudice).<br><br>**Hearsay (to the extent offered for the truth of statements in it).**<br>FED. R. EVID. 802 ("Hearsay is not admissible…").<br><br>**Double hearsay (to the extent it recounts or offers statements to or from others for their truth).**<br>*See* FED. R. EVID. 805 (hearsay within hearsay subjected to same rules of exclusion and exception).<br><br>**Best evidence (documents/recordings referred to must be used to prove their contents rather than statements about their content).**<br>FED. R. EVID. 1002 ("An original writing…is required in order to prove its content…"). |
| 68<br>Email with Plaintiff and Athletic Director 4/19/18 P 25-27 and 41 | **Authenticity (two different documents in one exhibit).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). |

| | |
|---|---|
| 70<br>StateFarm denial letter 9/23/18<br>P 45-51 | **Authenticity (multiple documents in one exhibit; dates of pages of documents do not match).**<br>FED. R. EVID. 901(a) (proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").<br><br>**Relevance.**<br>FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). |

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

 /s/ Russell Hardin, Jr.
Russell Hardin, Jr.
State Bar No. 08972800
Federal I.D. No. 19424
rhardin@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEY-IN-CHARGE FOR DEFENDANT WILLIAM MARSH RICE UNIVERSITY**

**OF COUNSEL:**

Terry D. Kernell
State Bar No. 11339020
Federal I.D. No. 15074
tkernell@rustyhardin.com

Emily M. Smith
State Bar No. 24083876
Federal I.D. No. 1890677

esmith@rustyhardin.com

**RUSTY HARDIN & ASSOCIATES, LLP**
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR DEFENDANT
WILLIAM MARSH RICE UNIVERSITY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

                                                          */s/ Terry Kernell*
                                                         Terry Kernell