Case 4:20-cv-02985   Document 147   Filed on 07/21/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02985 |
| | § | |
| WILLIAM MARSH RICE UNIVERSITY, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant William Marsh Rice University's ("Rice" or the "University") Motion to Strike Experts and Motion for Summary Judgment (Doc. #119), Plaintiff John Doe's ("Plaintiff") Response (Doc. #126), and Rice's Reply (Doc. #127). Having considered the parties' arguments and the applicable legal authorities, the Court denies Rice's Motion to Strike Experts and grants in part Rice's Motion for Summary Judgment.

**I.   Background**

    **a.   Factual Background**

A detailed recitation of the factual background of this case can be found in the Order granting Rice's Motion for Summary Judgment (Doc. #93) or in the Fifth Circuit's Order addressing the same (Doc. #103). To summarize, Plaintiff was an undergraduate student and student-athlete at Rice University at the time of the events giving rise to this lawsuit. Doc. #103 at 2. In 2017, during Plaintiff's freshman year, he began dating a fellow student at Rice, Jane Roe ("Roe"), who was in her junior year at the time. *Id.* At some point early in their relationship, the two discussed their sexual histories, including the fact that Plaintiff contracted herpes and

chlamydia in high school. *Id.* Plaintiff and Roe proceeded to engage in several consensual, unprotected sexual encounters. *Id.* Their relationship ended in early December 2017. *Id.* Shortly thereafter, Roe informed Plaintiff that she thought she had herpes and likely contracted it from him. *Id.* Roe reported Plaintiff to Rice's Title IX office and filed a formal complaint with the University's Student Judicial Programs ("SJP"). *Id.* Roe alleged that Plaintiff failed to disclose his herpes diagnosis during their relationship. *Id.* Following an investigation, SJP concluded that Plaintiff had failed to adequately inform Roe of the risk of contracting herpes if they engaged in unprotected sex. *Id.* at 4. SJP determined that Plaintiff's actions amounted to a violation of the University's Code. *Id.* Plaintiff was sanctioned with "rustication"— a disciplinary measure that allowed Plaintiff to be on campus for academics and other activities only with prior approval. *Id.* at 4–5. Following the disciplinary decision, Plaintiff was released from the Rice football program and lost his football scholarship. *Id.* at 5. As a result of losing his scholarship, Plaintiff withdrew from the University in July 2018. *Id.*

### b. Procedural History

On September 11, 2019, Plaintiff filed this action against Rice, alleging gender discrimination in violation of Title IX of the Educational Amendments Act of 1972 ("Title IX"). Doc. #1 at 24–30. Plaintiff also brought a state-law breach of contract claim. *Id.* at 30-32. In his Complaint, Plaintiff sought a declaratory judgment, injunctive relief, damages, and attorney's fees. *Id.* at 22–24, 32. Rice moved for summary judgment on all of Plaintiff's claims, which former United States District Judge Vanessa D. Gilmore granted in full on September 16, 2021. Doc. #93. Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit. Doc. #95. On June 12, 2023, the Fifth Circuit affirmed the district court's decision in part and reversed in part. Doc. #103.

2

Specifically, the Fifth Circuit affirmed dismissal of Plaintiff's breach-of-contract claim, holding that the University's Code expressly disclaimed any intent to form contractual obligations and did not create a legally enforceable agreement. *Id.* at 18. However, the Fifth Circuit reversed the district court's ruling on Plaintiff's Title IX claims. *Id.* The Fifth Circuit held that Plaintiff had presented sufficient evidence to survive summary judgment under three distinct theories of Title IX liability: (1) erroneous outcome, (2) selective enforcement, and (3) archaic assumptions. *Id.* at 9–17. In light of these findings, the Fifth Circuit remanded the case for further proceedings on Plaintiff's Title IX claims. *Id.* at 18. On remand, Rice now moves to strike the testimony of Plaintiff's designated experts and seeks summary judgment. Doc. #119.

## II. Legal Standards

### a. Expert Testimony

"The admission or exclusion of expert testimony is a matter left to the discretion of the trial court." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). In addition to demonstrating the expert's specialized knowledge will assist the trier of fact, the proponent of the expert's testimony must show: (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993). The Court's overarching concern is relevance and reliability. *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (citing *Daubert*, 509 U.S. at 596). The Court need not hold an evidentiary hearing to resolve objections to expert witnesses if the existing record is sufficient for the Court to fulfill its gatekeeping role. *Johnson v. Thibodaux City*, 887 F.3d 726, 737 n.11 (5th Cir. 2018).

3

### b. Summary Judgment

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### III. Analysis

Rice moves to exclude the expert testimony of Dr. Allyn Needham, Ph.D. ("Dr. Needham") and Hanna Stotland ("Ms. Stotland") and also moves for summary judgment. The Court will address each motion in turn.

### a. Defendant's Motion to Strike Expert Testimony

#### 1. Dr. Needham

Rice first moves to strike the testimony of Plaintiff's damages expert, Dr. Needham. Doc. #119 at 12–14. Dr. Needham is an economist and certified earnings analyst whom Plaintiff has designated to testify to his lost earning capacity, beginning from the date he lost his scholarship

through his projected date of retirement. Doc. #120, Ex. 3 at 3. Rice argues Dr. Needham's calculations are fundamentally flawed because he assumes Plaintiff would have graduated from Rice in five years and graduated with a Rice MBA two years later. Doc. #119 at 13. While Rice challenges the assumptions underlying Dr. Needham's report, those criticisms are appropriate for cross-examination, not exclusion. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.").

Rice next objects to Dr. Needham's use of a below-market discount rate, contending that his projections of Plaintiff's future income do not sufficiently account for risk. Doc. #119 at 13–14. Specifically, Rice argues that Dr. Needham's use of a 1.21% below-market discount rate is not reliable and may overstate Plaintiff's damages. *Id.* However, in *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir.1983) ("*Culver II*"), the Fifth Circuit held that "in the absence of a stipulation by the parties concerning the method to be used, fact-finders shall determine and apply an appropriate below-market discount rate as the *sole* method to adjust loss-of-future-earnings awards to present value to account for the effect of inflation." 722 F.2d at 117 (emphasis added). Accordingly, the Court finds Plaintiff's use of a 1.21% below-market discount rate appropriate, as it accords with the framework set forth in *Culver II* and falls within the acceptable range. *See id.* at 122 (approving a pre-tax discount rate between one and three percent). As a result, the Court denies Rice's motion to strike Dr. Needham.

### 2. Ms. Stotland

Rice also seeks to exclude the testimony of Ms. Stotland, an educational consultant who specializes in supporting transfer students who have faced school discipline or criminal

accusations. Doc. #119 at 11–12. Rice argues that Ms. Stotland's testimony relies on a skewed account of Plaintiff's academic history, rendering her opinion unreliable. *Id.* at 12. The Court finds that Rice's arguments go to the weight of Ms. Stotland's testimony rather than admissibility and may be developed through cross-examination. *See Daubert*, 509 U.S. at 596. Relevant testimony is that which will "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Ms. Stotland has "worked with over 300 students involved with sexual misconduct allegations at U.S. post-secondary educational institutions." Doc. #120, Ex. 3 at 2. The Court finds Ms. Stotland's expertise is relevant to the challenges Plaintiff encountered in attempting to transfer to other elite universities following the disciplinary proceedings at Rice. The Court further finds that Ms. Stotland's testimony will assist the trier of fact in understanding how such allegations impaired Plaintiff's ability to transfer to a comparable university, thereby limiting his future academic and career opportunities and supporting his claim for lost income. Accordingly, the Court denies Rice's motion to strike Ms. Stotland.

### b. Defendant's Motion for Summary Judgment

Following the Fifth Circuit's reversal and remand, what remains for resolution in this case is Plaintiff's Title IX claims. *See* Doc. #103 at 18. In his Original Complaint, Plaintiff seeks a declaratory judgment, injunctive relief, damages, and attorney's fees. Doc. #1. Rice moves for summary judgment on several of these forms of relief. Doc. #119.

#### 1. Monetary Damages

Rice first moves for summary judgment on Plaintiff's claim for monetary damages. Rice argues that Plaintiff cannot establish a cognizable injury or entitlement to relief under Title IX because he has failed to demonstrate any admissible monetary damages. Doc. #119 at 4–7. First, Rice contends Plaintiff cannot demonstrate damages because he failed to timely disclose his

computation of damages by the deadline imposed in the original scheduling order. *Id.* at 4. However, Plaintiff responds that he timely disclosed damages by the Court's extended discovery deadline of December 6, 2024. Doc. #126 at 23. Indeed, the record supports that the Court extended the expert discovery deadline specifically to provide Plaintiff additional time to identify and disclose his damages experts. Doc. Nos. 114, 116. Because there is no evidence that Plaintiff failed to comply with the revised schedule, the Court declines to grant summary judgment on this basis.

Rice next argues that Plaintiff's claim for lost earning capacity damages cannot survive because his experts, Dr. Needham and Ms. Stotland, must be excluded. Doc. #119 at 8–14. The Court has reviewed Rice's challenges to Plaintiff's experts and finds no basis to exclude their testimony at this stage. *Supra* pp. 4–6. Accordingly, the Court finds Plaintiff has presented competent summary judgment evidence to support a claim for monetary damages. Rice's motion for summary judgment on the issue of damages is denied.

2. **Declaratory Relief**

Rice next seeks summary judgment on Plaintiff's claim for declaratory relief, arguing that Plaintiff waived this claim by failing to raise it on appeal. Doc. #119 at 15. Plaintiff responds that his request for declaratory relief is intertwined with his Title IX claims, which were expressly remanded for further proceedings. Doc. #126 at 23–24. "The mandate rule requires a district court on remand to effect [the appellate court's] mandate and to do nothing else." *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999). On remand, the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). "In implementing the mandate, the district court must 'take into account the appellate court's opinion

and the circumstances it embraces.'" *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quoting *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325, 333 (5th Cir. 2002)).

Upon review of the record, the Court notes that the district court did not address the forms of relief, including declaratory relief, sought by Plaintiff under his Title IX claims because the district court dismissed those claims in their entirety. *See* Doc. #93. The Court further notes that, although the Fifth Circuit did not expressly address the dismissal of Plaintiff's claim for declaratory relief, it reversed the dismissal of Plaintiff's Title IX claims—under which declaratory relief may be awarded. *See* Doc. #103. As a result, the Court finds that the relief Plaintiff originally asserted under Title IX, including declaratory relief, remains viable. The Court further declines to find waiver or abandonment. Accordingly, Rice's motion for summary judgment on Plaintiff's claim for declaratory relief is denied.

### 3. Injunctive Relief

Finally, Rice moves for summary judgment on Plaintiff's request for injunctive relief. Rice argues that Plaintiff cannot obtain the injunctive relief he seeks because he lacks standing. Doc. #119 at 14–15. In his Complaint, Plaintiff seeks an injunction enjoining Rice from engaging in practices that violate Title IX in the investigation and adjudication of sexual misconduct complaints. Doc. #1 at 30. A party seeking an injunction or other "forward-looking relief . . . must face 'a real and immediate threat of repeated injury.'" *Murthy v. Missouri*, 603 U.S. 43, 58, 144 S.Ct. 1972, 219 L.Ed.2d 604 (2024) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). "The threat of future injury must be 'certainly impending'; mere allegations of possible future injury will not suffice." *James v. Hegar*, 86 F.4th 1076, 1081 (5th Cir. 2023) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013)), *cert. denied*, No. 23-1011, —— U.S. ——, 144 S.Ct. 1461, —— L.Ed.2d ——

–, 2024 WL 1839132 (U.S. Apr. 29, 2024)). To the extent that Plaintiff seeks an injunction to enjoin Rice from future violations of Title IX or to alter its future policies or disciplinary procedures, the Court finds that he lacks standing to obtain such relief. *See Stringer v. Whitley*, 942 F.3d 715, 720–21 (5th Cir. 2019) (noting that the future injury must be "potentially suffered by the plaintiff, not someone else"). Here, the record contains no evidence that Plaintiff intends to re-enroll at Rice or that he is at any risk of future disciplinary proceedings. *See Pederson v. Louisiana State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000) (holding moot a similar request for injunctive relief where students had graduated and did not allege a likelihood of returning to the university). Accordingly, the Court grants Rice's motion for summary judgment on Plaintiff's request for injunctive relief enjoining Rice from engaging in practices that violate Title IX in the investigation and adjudication of sexual misconduct complaints.

Plaintiff also seeks injunctive relief requiring Rice to expunge his disciplinary records and reverse his misconduct finding.[1] Doc. #1 at 22–23. Because the requested relief is closely tied to the harm alleged under Plaintiff's surviving Title IX claims—and the ongoing effects of Plaintiff's disciplinary record may constitute a continuing injury—the Court finds that this remedy remains viable. *See Overdam v. Tex. A&M Univ.*, 43 F.4th 522, 529 (5th Cir. 2022) (per curiam) (recognizing that a former student's effort to clear his disciplinary record implicated a cognizable liberty interest sufficient to support standing), *cert. denied*, 143 S. Ct. 2466 (2023). Accordingly, the Court denies Rice's motion for summary judgment as to Plaintiff's request for injunctive relief aimed at expunging his disciplinary record and reversing Rice's finding of misconduct.

---

[1] Although the Complaint characterizes this request as declaratory relief, the substance of Plaintiff's request is injunctive in nature. *See Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (noting that district courts are instructed to determine the substance of the relief sought, not just the label).

## IV. Conclusion

In conclusion, the Court DENIES Rice's Motion to Strike Experts. Doc. #119. Further, the Court GRANTS IN PART Rice's Motion for Summary Judgment. Doc. #119. Specifically, the Court GRANTS summary judgment as to Plaintiff's request for injunctive relief enjoining Rice from engaging in practices that violate Title IX in the investigation and adjudication of sexual misconduct complaints. However, the Court DENIES summary judgment as to Plaintiff's claims for monetary damages and declaratory relief, as well as injunctive relief aimed at expunging Plaintiff's disciplinary record and reversing Rice's finding of misconduct.

It is so ORDERED.

_____JUL 2 1 2025_____      _____
Date                                                The Honorable Alfred H. Bennett
                                                    United States District Judge