UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02985 |
| | § | |
| WILLIAM MARSH RICE UNIVERSITY, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

1

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and from the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. In arriving at your verdict, you may not be influenced by passion, prejudice, or any sympathy that you might have for the plaintiff or the defendant.

# BURDEN OF PROOF

Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony from the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions that you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony from an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence and requires simply that you consider both in deciding whether the plaintiff has met his burden of preponderance of the evidence.

Certain exhibits were used by the parties as illustrations to describe something involved in this trial. If your recollection of the evidence differs from the exhibit that was presented, rely on your recollection.

You alone are to determine the credibility or truthfulness of a witness. In weighing the testimony of a witness, you may consider the witness's manner and demeanor on the witness stand; whether he or she has any feelings or interest in the case or any prejudice or bias about the case; and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other

3

times and places contrary to those made here on the witness stand? You must give each witness's testimony the credibility that you think it deserves.

Even though a witness may be a party to the action and, therefore, interested in its outcome, his or her testimony may still be accepted if you believe the testimony and if it is not contradicted by the direct evidence or by an inference that may be drawn from the evidence.

You are not to decide this case by counting the number of witnesses who have testified for each side. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if you believe that witness after considering all the other evidence.

## NO INFERENCE FROM FILING SUIT

The fact that Plaintiff brought a lawsuit and is in court seeking damages creates no inference that he is entitled to a judgment against Defendant. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

# EXPERT WITNESS TESTIMONY

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

# CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## **PSEUDONYMNS**

Throughout trial, you heard about an individual referred to as "Jane Roe." Those references are used to keep the individual's identity private. The fact that a person was identified by a pseudonym is not evidence and should not be considered for any purpose. In addition, information identifying some individuals in documents has been "blacked out" or "redacted." This is also not evidence and should not be considered for any purpose. You, as jurors, should not draw any inferences because the Court has allowed the use of pseudonyms or redactions to protect an individual's privacy.

## NATURE OF THE ACTION

Plaintiff filed this lawsuit under Title IX of the Education Amendments of 1972 ("Title IX"). Title IX prohibits colleges and universities that receive federal funding from denying a student access to educational benefits or opportunities on the basis of sex. Title IX applies equally to claims of discrimination brought by male and female students.

Plaintiff alleges that Defendant Rice University ("Rice University") violated Title IX in connection with the disciplinary proceeding against him. Specifically, Plaintiff contends:

(1) Rice University reached an erroneous outcome in his disciplinary proceeding, and that his sex was the motivating force in that outcome;

(2) Rice University selectively enforced its Code of Student Conduct by initiating a disciplinary proceeding against him and/or imposing discipline against him because of his sex; and

(3) Rice University's investigation and disciplinary decision were influenced by sex-based bias, including reliance on stereotypes and archaic assumptions about one sex or the other.

Rice University denies these allegations. Rice University contends that it initiated Plaintiff's disciplinary proceeding after receiving a complaint regarding Plaintiff's conduct, found him responsible based on the relevant evidence properly gathered under its procedures, and disciplined him based on the evidence of his conduct and the standards in Rice's Code of Student Conduct.

## **INTENT**

Plaintiff must show that Rice University intentionally discriminated against him. Plaintiff is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

## **CONSIDER DAMAGES ONLY IF NECESSARY**

If Plaintiff has proved his claim against Rice University by a preponderance of the evidence, you must determine the damages to which he is entitled. You should not interpret the fact that I am giving instructions about damages as an indication that I believe Plaintiff should, or should not, win this case. It is your task first to decide whether Rice University is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Rice University is liable and that Plaintiff is entitled to recover money from Rice University.

# MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find Rice University is liable and that Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that Rice University proved by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Rice University has the burden of proving the damages that Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Rice University has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

## DAMAGES

If you find that Rice University is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that he has suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Rice University's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

That said, you are not permitted to award damages against Rice University for any emotional or reputational harm that Plaintiff claims. Nor may you award damages to punish Rice University for any of its actions.

If you find by a preponderance of the evidence that Plaintiff was discriminated against on the basis of his sex as a male student, but that he suffered no actual loss as a result of this violation, then you may award him nominal damages.

## **PROXIMATE CAUSE**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## INSTRUCTION:  ERRONEOUS OUTCOME

Plaintiff claims that Rice University violated Title IX by reaching an erroneous outcome in the disciplinary proceeding.  To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that (1) the outcome of the disciplinary proceeding was erroneous; and (2) Plaintiff's sex was the motivating factor in causing that erroneous outcome.

## QUESTION NO. 1:

**Do you find from a preponderance of the evidence that Rice University violated Title IX by reaching an erroneous outcome in Plaintiff's disciplinary proceeding?**

Answer "Yes" or "No."

Answer: _Yes_

## INSTRUCTION: SELECTIVE ENFORCEMENT

Plaintiff claims that Rice University violated Title IX by selectively enforcing its Code of Student Conduct with respect to its handling of Jane Roe's allegations against him. To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that (1) Rice University treated Plaintiff differently in deciding whether to initiate disciplinary proceedings or in determining the discipline imposed; and (2) Rice University's decision was motivated by sex bias.

## QUESTION NO. 2:

**Do you find from a preponderance of the evidence that Rice University violated Title IX by selectively enforcing its policies and procedures in its handling of the allegations against Plaintiff?**

Answer "Yes" or "No."

Answer: _Yes_

## INSTRUCTION: ARCHAIC ASSUMPTIONS

Plaintiff argues that Rice University violated Title IX by basing its investigation and disciplinary decision on archaic assumptions and sex-based stereotypes. To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that Rice University's actions were based on "outdated" and "outmoded" attitudes about the role of men and women.

## QUESTION NO. 3:

**Do you find from a preponderance of the evidence that Rice University violated Title IX by making archaic assumptions about the roles of men and women in its handling of Jane Roe's allegations against Plaintiff?**

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes" to Question No. 1, No. 2, or No. 3, then proceed to Question No. 4 below.

Otherwise, do not answer Question No. 4.

## QUESTION NO. 4:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages, if any, that resulted from the conduct you have found in answer to the Question(s) above. Answer in dollars and cents, or "none."

Loss of scholarship

Answer: $ 271,230.00

Loss of earning capacity

Answer: $ 1,053,217.00

## FINAL INSTRUCTION: DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answer to the written question on the verdict form and sign and date it. After you have concluded your service, and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you

19

in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed at Houston, Texas on April \_\_\_\_14\_\_\_\_\_, 2026.

The Honorable Alfred H. Bennett
United States District Judge

# **VERDICT FORM**

Check if applicable:

___✓___ Our verdict is unanimous.  All of us have agreed to each and every answer.
The presiding juror has signed the certificate on behalf of all of us.

SIGNATURE REDACTED | SIGNATURE REDACTED

Signature of Presiding Juror     Printed Name of Presiding Juror