**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:20-cv-02985** |
| | § | |
| **WILLIAM MARSH RICE UNIVERSITY** | § | |
| **d/b/a RICE UNIVERSITY**, | § | |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF'S MOTION FOR JUDGMENT INCLUDING ATTORNEY FEES**

---

Plaintiff John Doe, by and through his undersigned counsel, respectfully moves this Court for entry of judgment on the jury verdict in his favor and for an award of attorney's fees as the prevailing party in this action. In support, Plaintiff states the following:

I. MOTION FOR ENTRY OF JUDGMENT ON JURY VERDICT

A. Background

On April 14, 2026, following a jury trial in the above-captioned matter, the jury returned a unanimous verdict in Plaintiff John Doe's favor against Defendant William Marsh Rice University d/b/a Rice University ("Rice") in the total amount of $1,324,447.00, consisting of $271,230 for loss of scholarship and $1,053,217 for loss of earning capacity.

The jury found that Rice violated Title IX of the Education Amendments of 1972 through selective enforcement of its policies, erroneous outcome, and reliance on archaic assumptions about gender. A true and correct copy of the verdict is attached as Exhibit 2 and incorporated by reference.

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

B. Legal Standard

Federal Rule of Civil Procedure 58(a) requires that a judgment be set out in a separate document, which is attached as Exhibit 1. Where, as here, the jury has returned a verdict, the Court must enter judgment consistent with that verdict unless there are legal grounds to set it aside. There are none. The verdict is supported by substantial evidence adduced at trial and reflects the jury's considered assessment of Plaintiff's damages.

C. Requested Relief

Plaintiff respectfully requests that the Court enter judgment in the form proposed that is submitted herewith, consistent with the jury's April 14, 2026 verdict, awarding Plaintiff John Doe the sum of $1,324,447.00 against Defendant William Marsh Rice University d/b/a Rice University, together with pre- and post-judgment interest as allowed by law and attorney's fees as set forth below as well as taxable costs as reflected in Exhibit 8 in the amount of $5,020.96. Plaintiff seeks pre-judgment interest as proposed in the chart submitted as Exhibit 3 in the amount of $141,348.85 (pre judgment interest as calculated by Plaintiff's economist, Dr. Allyn Needham, at 6.75% based upon the time frames supporting the Judgment).

II. MOTION FOR ATTORNEY'S FEES

A. Plaintiff Is a Prevailing Party Entitled to Attorney's Fees

Plaintiff is the prevailing party in this Title IX action. Having obtained a jury verdict in the amount of $1,324,447.00—a substantial award encompassing both the full value of the scholarship Rice stripped from Plaintiff and his lost earning capacity—Plaintiff has succeeded on the merits of his claims. A prevailing plaintiff in a title IX action is entitled to an award of

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

reasonable attorney's fees. This Motion is timely filed pursuant to Federal Rule of Civil Procedure 54(d)(2).

B. The Lodestar Method and Applicable Factors

In the Fifth Circuit, the starting point for calculating a reasonable attorney's fee award is the lodestar: the product of the number of hours reasonably expended multiplied by a reasonable hourly rate. The Court may then adjust the lodestar upward or downward based on the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Exhibit 4 is the compilation of the number of hours reasonably expended by the firm of Hutchison & Foreman, PLLC in this litigation, including by a partner (Susan Hutchison), an attorney (Michael Bristow), a paralegal (Julie Jones).

The Fifth Circuit applies a two-step method in calculating an attorney's fee award. *Combs v. City of Huntington*, 829 F.3d 388, 391–92 (5th Cir. 2016). *First*, "the court must ... calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (citation and quotation marks omitted). "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (citation, quotation marks, and brackets omitted). The burden of demonstrating the reasonableness of the hours expended and the hourly rates charged falls on the fee applicant. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, "[t]hough the lodestar is presumed reasonable, the court may enhance or decrease it based on" the twelve factors articulated in *Johnson*. *M.D. v. Abbott*, No. 2:11-CV-00084, 2023 WL 11944463, at *1–2 (S.D. Tex. Aug. 8, 2023).

Though a district court "must provide a reasonably specific explanation for all aspects of a fee determination," it need not "recite or even mention the *Johnson* factors, so long as the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis." *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (citations and quotation marks omitted). Of course, "[m]any of these [*Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate ... and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Finally, "trial courts are considered experts as to the reasonableness of attorney's fees," *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004), and the Court's observations can inform its determination as to the reasonableness of a fee request, *see Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 344 (5th Cir. 2017) (unpublished) ("District courts may 'take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.' " (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

Plaintiff seeks fees for work at an hourly rate of $894.81 per hour for Susan Hutchison and $500 per hour for Michael Bristow.  Plaintiff also seeks fees for paralegal Julie Jones at a rate of $225 per hour.  Plaintiff relies upon and incorporates the information provided in the 2025 publication by the Texas Employment Lawyers Association attached as Exhibit 5 to Plaintiff's Application for Attorney Fees and Costs, which reflects the reasonable and customary rates for civil rights/employment litigation in and around Texas, including specific fee awards to Ms. Hutchison.  Attached to this Application as Exhibit 6 is the supporting affidavit of Susan Hutchison and Exhibit 7 is the supporting affidavit of Michael Bristow.

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

1.      Susan E. Hutchison, Exhibit 6

Susan E. Hutchison attended Texas Tech University School of Law where she served as Associate Editor of the Texas Tech Law Review, received the Judge Mead F. Griffin Award for exemplifying the ideals of the legal profession, and was a member of Phi Alpha Delta Legal Fraternity.

Upon graduation, she began practicing with the Fort Worth firm of Reynolds, Shannon, Miller, Blinn, White & Cook which subsequently became Shannon, Gracey, Ratliff & Miller, L.L.P.  She left that firm in 1988 to join Fielding, Barrett & Taylor, L.L.P. where she practiced primarily in the areas of employment, personal injury and medical malpractice litigation.  She left that firm in 1994 to form the firm of Molloy, Lewis & Holloway, L.L.P. which became Lewis & Hutchison, P.C. in 1998 and then Foreman, Lewis, & Hutchison, P.C. and now Hutchison & Foreman, PLLC.  Her practice currently focuses on employment litigation and civil rights litigation.  She has been selected as a Texas Super Lawyer by Texas Monthly Magazine every year since 2003 in the area of employment litigation.  She has been selected as a top rated attorney in Fort Worth by Fort Worth magazine for the past fifteen years.

Ms. Hutchison has been Board Certified in Personal Injury Trial Law by the Texas Board of Legal Specialization since 1992. She has been on the Board of Directors of the Dallas/Fort Worth chapter of the National Employment Lawyers Association and is the past President of the Tarrant County Bar Association, Labor & Employment Section.  She is also a member of the National Employment Lawyer's Association, Texas Employment Lawyers Association, the State Bar of Texas, the American Bar Association, and the Tarrant County Bar Association.

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

Ms. Hutchison is also Rated AV Preeminent 1997 - 2025 Highest Possible Peer Review Rating In Legal Ability & Ethical Standards.

In 2024, Ms. Hutchison was invited to be a fellow of the American College of Trial Lawyers, "the preeminent organization of trial lawyer in the United States and Canada."

Ms. Hutchison works only on a contingency basis, as substantially all of her clients are unable to pay an hourly fee. Ms. Hutchison is an experienced and well-regarded civil rights/employment attorney with an outstanding reputation whose requested rate is reasonable. She has handled many civil rights/employment cases.

2.      Michael Bristow, Exhibit 7

Mr. Bristow has been practicing law in Texas since November 2012. He is Board Certified in Personal Injury Trial Law by the Texas Board of Legal Specialization. In his career he has tried at least 15 jury trials as lead counsel and at least 10 jury trials as co-counsel. He has handled cases on appeal. He was admitted to the State Bar of New Mexico by examination in September 2013. He was admitted to the State Bar of Arkansas by examination in September 2013.

As part of his practice, Mr. Bristow regularly handles tort and employment/civil rights claims, including wrongful death, personal injury, employment discrimination, and wage claims, and declaratory judgment actions for uninsured/underinsured insurance coverage.

3.      Julie Jones, Exhibit 6

Julie Jones completed her undergraduate degree at Texas Woman's University in 1989 with a Bachelor of Science in Government and then completed her paralegal training at Southeastern Paralegal Institute in 1992.   She began her career as a paralegal at the law firm

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

of Hammerle Finley in 1992, working on various types of cases including family and civil litigation.

In 2005, Ms. Jones began working with Ms. Hutchison on employment cases as well as civil rights cases. She has extensive experience interacting with clients as well as various administrative agencies, such as the EEOC, on behalf of clients. She is involved at every stage of the litigation, from discovery through trial preparation and is a vital member of the trial team. The paralegal rate is the market rate generally awarded to paralegals in this district. See, e.g., *Pierce,* 905 F. Supp. 2nd at 1035 (awarding $187.50 per hour to paralegals in complex civil rights class action that lasted for several years and involved an appeal); *Camarillo v. City of Maywood*, Case No. CV 07-03469, 2011 WL 3665028 at 10 (C.D. Cal. Aug. 22, 2011). Ms. Jones' has 28 years of experience, and an award of $225 per hour is reasonable. The work performed by Ms. Jones was under the supervision of Ms. Hutchison, who reviewed and supervised all of her work.

4.      Time and Billing, Exhibit 4

Based on the reasonable rates and the amount of hours billed, Plaintiff's lodestar amount is $350,050.73 as detailed in the attached time records, Exhibit 4. Plaintiff's counsel has removed entries that may have appeared duplicative of effort. Plaintiff's counsel did not keep contemporaneous accounts of communications with opposing counsel, including phone calls and emails and such are not presented for payment. Thus, there was actually more time incurred than is presented.

The rates reflected in Exhibit 4 are reasonable and customary rates for prosecuting employment litigation, including such litigation in South Texas. The amount of time reflected was reasonable and necessary for the prosecution of the claims against Defendant. The costs

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

reflected were incurred directly in connection with the prosecution of this litigation against Defendant and are reasonable and necessary for litigating these claims through final trial. Such statements are incorporated herein.

C. The Johnson Factors Confirm the Reasonableness of the Fee Requested

The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Each of these factors supports the fee requested here.

This case has been pending since 2019, spanning seven years of complex litigation that included a transfer of venue, multiple rounds of summary judgment briefing, a successful appeal to the United States Court of Appeals for the Fifth Circuit, extensive expert discovery, and a multi-day jury trial. The case involved claims of Title IX selective enforcement, erroneous outcome, and reliance on archaic gender assumptions. The legal questions were novel, the factual record extensive, and the stakes significant. Plaintiff's counsel achieved a complete vindication of Plaintiff's claims, obtaining the full amount of his damages scenario from the jury. With respect to the "undesirability" of the case, Plaintiff would point out that Title IX litigation is far less common than other types of litigation precisely because they are difficult and because the

United States Supreme Court has limited the types of recovery in such cases, including the elimination of compensatory damages.

Ms. Hutchison has been licensed to practice law in Texas continuously since 1987 and is Board Certified in Personal Injury Trial Law. Her practice has primarily focused on employment and civil rights litigation representing plaintiffs since 1988. She is familiar with the reasonable and customary attorney's fees charged in similar cases and believes that a range of $894.81 per hour with lodestar adjustments is a reasonable, ordinary, and customary fee for such a case.

D. Request

Based on the time and billing, adjusted for lodestar factors, Plaintiff respectfully requests that the Court award attorney's fees in the amount of $589,118.22, representing 40% of the $1,324,447.00 jury verdict with pre-judgment interest, or in such other amount as the Court determines to be reasonable based on the lodestar analysis and supporting evidence.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Court enter a Judgment as reflected by Exhibit 1, including the amount of the jury verdict, pre-judgment interest, attorney fees and taxable costs as well as such further relief as justice may require.

Respectfully submitted,

/s/Susan E. Hutchison
SUSAN E. HUTCHISON
State Bar No. 10354100
sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
T: (817) 336-5533

PLAINTIFF'S MOTION FOR JUDGMENT AND ATTORNEY FEES

F: (817) 887.5471

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this June 30, 2026, I electronically filed the foregoing Motion

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to counsel for all parties.

Russell Hardin, Jr.
Terry D. Kernell
Emily M. Smith
Rusty Hardin & Associates, LLP
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010

            /s/ Susan E. Hutchison.
            Susan E. Hutchison

**CERTIFICATE OF CONFERENCE**

On June 26, 2026, Plaintiff's counsel conferred with Terry Kernell, counsel for
Defendant, and Defendant is opposed to said Motion.

            s/Susan E. Hutchison
            Susan E. Hutchison