# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-CV-02985** |
| | § | |
| **WILLIAM MARSH RICE** | § | |
| **UNIVERSITY,** | § | |
| | § | |
| *Defendant.* | | |

**DEFENDANT'S PROPOSED FINAL JUDGMENT[1]**

On April 14, 2026, the jury returned a verdict in favor of Plaintiff John Doe, awarding him $1,324,447 in compensatory damages: $271,230 for loss of scholarship and $1,053,217 for loss of earning capacity. Dkt. No. 157 at 18, 20. Before the Court is Plaintiff John Doe's Motion for Entry of Judgment (Dkt. No. 162) and Defendant William Marsh Rice University's Response (Dkt. No. 168).

In his Motion, Plaintiff requests the award of both $271,230 for loss of scholarship and $1,053,217 for loss of earning capacity. Under Title IX, Plaintiff is limited to compensatory contract damages. *See Barnes v. Gorman*, 536 U.S. 181, 187 (2002) (accepting funds from the federal government exposes a funding recipient to "remedies traditionally available in suits for

---

[1] Defendant William Marsh Rice University provides this proposed final judgment in response to the Court's request that the parties file a joint proposed final judgment or, if the parties could not agree, separate proposed final judgments. Defendant will raise appropriate objections in post-judgment motions. Defendant also preserves the relief sought in all other motions or requests for relief, including prior objections to evidence, motions for summary judgment, motions for directed verdict, charge objections, or any other or prior motions, objections, complaints, and requests for rulings of any kind by or on behalf of Defendant upon which an appellate complaint may be based.

breach of contract"). The "[m]easure of breach-of-contract damages is just compensation for the loss or damage actually sustained." *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 482 (5th Cir. 2008) (citation modified). But "[i]t goes without saying that the courts can and should preclude double recovery by an individual." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002). Here, Plaintiff cannot recover both categories of damages because that would put him in a better position than if he had stayed, used his scholarship, and graduated. He is entitled only to damages for the loss of earning capacity.

Plaintiff also requests an award of attorney's fees. "[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in a Title IX case. *See* 42 U.S.C. § 1988. But "[t]he fee applicant bears the burden of establishing that the number of hours and the hourly rate for which compensation is requested is reasonable." *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Plaintiff has not met his burden to establish either a reasonable rate or a reasonable number of hours. Therefore, Plaintiff is not entitled to an award of attorney's fees.

Similarly, Plaintiff has not met his burden to demonstrate entitlement to prejudgment interest. In an action under a federal statute, "the 'allowance of interest on damages is not an absolute right.'" *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 196 (1995) (quoting *The Scotland*, 118 U.S. 507, 518–519 (1886)). Prejudgment interest "may be appropriate when it furthers the Congressional policies of the specific statute and encourages parties to settle disputes 'quickly and fairly, thereby avoiding the expense and difficulty of federal litigation.'" *I.W. by and through Karen K. v. Hardin-Jefferson Independent School District*, Civil Action No. 1:15-CV-332, 2017 WL 5644386, at *20 (E.D. Tex. Jan. 4, 2017) (quoting *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 983 (5th Cir. 1991)). If both conditions are met, "[a] district court has discretion

to award prejudgment interest in order to make a plaintiff whole" but "not to reward or punish a party…" *Id*. "In exercising its discretion, the trial court should balance the relative equities between the parties." *Id*. Doe provides this Court nothing on which to base this required analysis. Therefore, the Court declines to award prejudgment interest.

Having considered the motion and response, other submissions, and applicable law, the Court enters judgment as follows:

1. Plaintiff will recover from Defendant $1,053,217 in compensatory damages for the loss of earning capacity;

2. Post-judgment interest will accrue at the rate dictated by 28 U.S.C. § 1961, which shall be calculated from the date of the entry of judgment until it is satisfied.

3. The parties are to bear their own costs.

This is a final judgment. All other relief not granted herein is denied.

It is so ordered.

| | |
|---|---|
| _____ | _____ |
| Date | The Honorable Alfred H. Bennett |
| | United States District Judge |