United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02985 |
| | § | |
| WILLIAM MARSH RICE UNIVERSITY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiff John Doe's (the "Plaintiff") Motion for Judgment Including Attorney Fees (the "Motion") (Doc. #162), Defendant William Marsh Rice University's ("Rice University") Response (Doc. #168), and Plaintiff's Reply (Doc. #169). Having reviewed the parties' arguments and applicable law, the Court grants the Motion in part.

This case arises from a Title IX dispute between Plaintiff and Rice University. Trial commenced in this case on April 6, 2026. On April 14, 2026, the jury returned a verdict in Plaintiff's favor, awarding $271,230.00 for loss of scholarship and $1,053,217.00 for loss of earning capacity, for a total award of $1,324,447.00. Doc. #157. On June 30, 2026, Plaintiff filed the instant Motion for Judgment Including Attorney's Fees. Doc. #162. In his Motion, Plaintiff seeks entry of judgment on the jury's verdict, prejudgment interest, attorney's fees, and taxable costs. *Id.* The Court addresses each request in turn.

## I. Monetary Damages

Plaintiff seeks entry of judgment in accordance with the jury's verdict. The jury awarded Plaintiff $271,230.00 for loss of scholarship and $1,053,217.00 for loss of earning capacity,

totaling $1,324,447.00. Doc. #157. While Defendant challenges the methodology underlying the jury's damages award, the Court finds no basis for altering the verdict the jury returned after trial. Accordingly, the Court enters judgment in Plaintiff's favor in the amount of $1,324,447.00, consistent with the jury's verdict.

## II. Prejudgment Interest

Plaintiff seeks an award of prejudgment interest. Doc. #162 at 2. "When a cause of action arises out of a federal statute, federal law governs the award of prejudgment interest—both as to its allowance and its rate." *Powell v. Penhollow*, 260 F. App'x 683, 691 (5th Cir. 2007) (citing *Carpenters Dist. Council v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994)). The Fifth Circuit has prescribed a "two-step analysis" for determining whether prejudgment interest is recoverable. *See id.* First, courts ask whether "the federal act creating the cause of action preclude[s] an award of prejudgment interest." *Id.* (quoting *Carpenters Dist. Council*, 15 F.3d at 1288). If it does not, courts then consider whether "an award of prejudgment interest would further the congressional policies of the federal act." *Id.* Title IX does not expressly address prejudgment interest. *See* 20 U.S.C. § 1681. Thus, the Court proceeds to the second step of the analysis and considers "whether an award of prejudgment interest would further the congressional policies behind" Title IX. *Powell*, 260 F. App'x at 691 (internal citation omitted). The Court finds that prejudgment interest would serve the congressional purpose of making plaintiffs whole for damages suffered due to violations of Title IX. Other federal courts considering claims under Title IX have similarly found prejudgment interest recoverable. *See Miller v. Bd. of Regents of Univ. of Minnesota*, 402 F. Supp. 3d 568, 588 (D. Minn. 2019).

The parties further dispute the appropriate rate and calculation of prejudgment interest rate. As an initial matter, the Court declines to award interest on the scholarship component

($271,230.00) because that award represents the value of educational benefits, not money Plaintiff would have possessed during the relevant period. *See West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered."). Moreover, the Court uses the interest rate prescribed by 28 U.S.C. § 1961, the federal post-judgment interest rate, as the appropriate rate for prejudgment interest. *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 488 (5th Cir. 2000). Plaintiff's past lost earnings, which accrued from 2022 through April 14, 2026, total $106,881.00. Doc. #162, Ex. 3. The Court uses its "sound discretion" to calculate the interest on those losses based on when the wages would have been received, rather than treating each year's losses as lump sums received at the beginning of the year. *Krummel v. Bombardier Corp.*, 206 F.3d 548, 573 (5th Cir.2000). Accordingly, the Court calculates interest as though the wages were received in equal biweekly installments, with interest accruing on each installment through the date of judgment. Applying the 4.15% rate, the Court awards $9,913.00 in prejudgment interest.[1]

**III. Attorney's Fees**

As the prevailing party, Plaintiff is entitled to reasonable attorney's fees under Title IX. *See* 42 U.S.C. § 1988. In the Motion, Plaintiff requests attorney's fees based on 40% of the jury's verdict. Doc. #162 at 9. The Court declines to apply a percentage-based calculation. A fee award may not be enhanced based on the risk of nonpayment or the contingent nature of the representation. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993). The Court will determine a reasonable fee using the lodestar method, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433

[1] United States District Court for the Southern District of Texas, *Post-Judgment Interest Rates* (September 10, 2026), https://www.txs.uscourts.gov/page/post-judgment-interest-rates.

(1983). Plaintiff's billing records reflect a lodestar of $350,050.73. Doc. #162, Ex. 4. Rice University challenges several aspects of those records, including clerical tasks, vague descriptions, block-billed entries, and excessive or inadequately supported time. Doc. #168 at 22–29. The Court agrees that some reduction is warranted. The Court deducts $4,394.55 for the June 17, 2026 "Depo Hanna Stotland entry." Doc. #162, Ex. 4 at 39. Plaintiff provides no explanation for this five-hour charge, which occurred more than two months after trial. The Court likewise deducts $7,625.00 for Mr. Bristowe's 15.25-hour "Communications" entry on July 21, 2025. Doc. #162, Ex. 4 at 27. The entry provides no detail concerning the nature or purpose of the communications or why 15.25 hours was reasonably necessary. Finally, the Court reduces the claimed travel time of Ms. Hutchison by fifty percent. Travel time generally warrants a reduced rate because it does not involve the same level of active legal work as substantive legal tasks. *See In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008). Here, Plaintiff seeks Ms. Hutchison's full hourly rate for travel. The Court finds a fifty-percent reduction appropriate, resulting in a further deduction of $3,955.10. After these deductions, the Court awards $334,076.08 in attorney's fees.

**IV. Court Costs**

Plaintiff requests $5,020.96 in taxable costs. Doc. #162, Ex. 8. Rice University does not identify a substantive basis for denying those costs. *See* Doc. #168. Therefore, the Court awards Plaintiff $5,020.96 in taxable costs.

**V. Interest on the Judgment**

Finally, Plaintiff is also entitled to post-judgment interest under 28 U.S.C. § 1961. Post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28

U.S.C. § 1961(a). The current post-judgment interest rate is 4.15%.[2] Thus, Plaintiff will recover post-judgment interest on all amounts awarded at the rate of 4.15% per annum, beginning on the day Final Judgment is entered and ending on the day the judgment is satisfied.

## VI. Conclusion

In conclusion, Plaintiff's Motion for Judgment Including Attorney Fees (Doc. #162) is GRANTED IN PART. The Court awards Plaintiff $1,324,447.00 in monetary damages, $9,913.00 in prejudgment interest, $334,076.08 in attorney's fees, and $5,020.96 in taxable costs. Post-judgment interest shall accrue at a rate of 4.15% from the date of judgment until the judgment is paid in full.

The Court will enter a separate Final Judgment consistent with this Order.

It is so ORDERED.

SEP 1 0 2026
Date

The Honorable Alfred H. Bennett
United States District Judge

[2] United States District Court for the Southern District of Texas, *Post-Judgment Interest Rates* (September 10, 2026), https://www.txs.uscourts.gov/page/post-judgment-interest-rates.